## PRICE ET AL. *v.* WALKER.

[No. 6,673.   Filed April 20, 1909.]

1. CONTRACTS.—*Oral.*—*Sales.*—*Real Estate.*—*Commissions.*—Under §7463 Burns 1908, Acts 1901, p. 104, oral contracts for the payment of money or things of value, as a commission for procuring a purchaser for the real estate of another are void, a substantial compliance with such statute being an indispensable requisite. p. 522.

2. CONTRACTS.—*Oral.*—*Part Performance.*—*Sales.*—*Real Estate.*—*Commissions.*—An agent's performance of his oral contract to secure a purchaser for the real estate of another does not entitle him to enforce such contract by the collection of the commissions therein agreed upon. p. 523.

3. CONTRACTS.— *Oral.*— *Sales.*— *Real Estate.*— *Commissions.*— *Refusal to Pay.*—*Fraud.*—The refusal, by an owner of real estate to pay an agent the commissions orally agreed upon for the pro-

curement of a purchaser for real estate of such owner, constitutes a mere breach of contract, and not a fraud. p. 523.

4. CONTRACTS.—*Oral.*—*Sales.*—*Real and Personal Property "in Gross."*—An oral contract for a commission for securing a purchaser for defendant's real estate and personal property "in gross" cannot be enforced (§7463 Burns 1908, Acts 1901, p. 104). p. 523.

5. CONTRACTS.—*Oral.*—*Valid Where Made.*—*Enforcement.*—*Sales.* —*Real Estate.*—*Commissions.*—An oral contract for a commission for the procurement of a purchaser for defendant's real estate. made in Kentucky, cannot be enforced in Indiana, being in violation of a positive statute (§7463 Burns 1908, Acts 1901, p. 104). p. 524.

From Floyd Circuit Court; *William C. Utz*, Judge.

Action by Charles E. Price and another against Samuel P. Walker. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Charles L. Jewett* and *Henry E. Jewett*, for appellants.
*Alexander Dowling*, for appellee.

COMSTOCK, P. J.—A demurrer for want of facts was sustained by the court below to appellants' amended complaint, which, omitting formal parts, alleges that "plaintiffs are brokers, engaged in the business of selling real estate and other property upon commission, with their principal office and place of business in the city of Louisville, state of Kentucky; that prior to December 21, 1906, said defendant was the owner of certain horses, mules, cattle, hogs, fowls and certain farming implements, wagons, one surrey and a quantity of corn in the crib and fodder situated upon a farm of defendant near the city of New Albany, Floyd county, Indiana; that prior to December 21, 1906, defendant employed these plaintiffs to find a purchaser for all of said property, real and personal, and to act as his agents and brokers in the sale of the same; that, in consideration of such employment and services to be performed by the plaintiffs thereunder, defendant agreed and promised to pay plaintiffs a sum equal to five per cent of the selling price of such property; that

said contract and promise were made and entered into in the city of Louisville, state of Kentucky. Plaintiffs further aver that they immediately proceeded in good faith to carry out and perform the part of said agreement to be performed by them; that they sought out and found for defendant a purchaser for all of said property, real and personal, in gross; that said purchaser was Hattie Arnold, who, at Louisville, Kentucky, agreed to purchase all of said property and to pay the defendant therefor the gross sum of $5,950, in cash or its equivalent; that the plaintiffs, having reported said proposition to the defendant, the defendant did, on December 21, 1906, approve and ratify the same, and signed and executed a written memorandum of such sale, which was accepted in writing by said purchaser, Hattie Arnold, at the procurement and solicitation of these plaintiffs; that said writing is in the words and figures following:

'Floyd county, Indiana, December 21, 1906.
Messrs. Chas. E. Price & Co.,
        Real Estate Agents,
                Louisville, Ky.
Gentlemen, I will accept the sum of $5,950, cash or its equivalent, $2,500 March 1, '07, balance on or before one and two years, six per cent interest and lien, for my farm, located in this county near the city of New Albany, and being the same as that transferred to me by Ann M. Cowper and others and recorded in the county clerk's office of Floyd county. I agree to transfer said farm with all its improvements, live stock of every description, fowls, farming implements, wagons, buggy or surrey, and vehicles of all descriptions, corn in crib and otherwise, fodder, and all other provender on said farm. I further agree to transfer the above-mentioned property to you or your principal by deed of general warranty, and free of all liens and encumbrances of every description.

                        S. P. Walker,
                        M. D. Walker, his wife.
        Accepted.   Hattie Arnold.
        Witness.    C. E. Price.'

And the plaintiffs aver that they ·have fully performed all of said agreement between plaintiffs and defendant to be performed by plaintiffs; that the defendant accepted and ratified the performance of said contract on the part of the plaintiffs, and that thereby and therefor said defendant became and is indebted to the plaintiffs in the sum of $297.50, being five per cent of the purchase price of the property aforesaid, due to the plaintiffs as defendant's agents and brokers aforesaid in making and procuring the sale of his said lands, farm and personal property. But the plaintiffs aver that the defendant, notwithstanding the premises, unjustly refuses to pay plaintiffs said sum or any part thereof, and that the whole of said sum with interest thereon from January 1, 1907, is due to plaintiffs, and remains wholly unpaid. Wherefore plaintiffs demand judgment against said defendant for the sum of $350 and all other proper relief.''

Appellants refusing to plead further, judgment was rendered against them for costs. From that judgment this appeal is taken, and the ruling upon said demurrer is assigned as error.

Section 7463 Burns 1908, Acts 1901, p. 104, relating to contracts for commissions with brokers and agents for sale of real estate provides: ''That no contracts for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real·estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative.''

These contracts are now required to be in writing, signed by the owner or his duly authorized agent, so that there may be no doubt of the existence of the contract, or dispute as to its provisions. In an action for commissions against the owner of real estate sold, a substantial compliance with

the terms of the statute will be required. *Phillips* v. *Jones* (1907), 39 Ind. App. 626.

It is claimed by appellant:   (1) That the foregoing section does not govern the case at bar, because the contract has been fully performed by the appellants;   (2) that the defense of the statute, if allowed, operates as a fraud upon the appellants;   (3) and (4) that the agreement for commissions, although invalid as to real estate, is good as to personal property;   (5), (6) and (7) that the contract sued upon was made without the State of Indiana, and is governed by the law of the state where made.    .

Considering these propositions in the order in which they are stated, if the finding of a purchaser for the real estate constitutes such a part performance ·of the contract as will entitle the agent to his commission, then, under .an agreement for commission, the only condition to be performed by the agent is to find a purchaser who is willing and ready to buy the real estate at the price and upon the terms proposed, and this would, where the agent procured such purchaser, entitle him to collect his commission, although the contract was not in writing and signed by the owner or his authorized representative.   Such construction would render the statute of no effect.   The mere performance of services which may be compensated for in damages is not sufficient to take the case out of the statute.   *Cronk* v. *Trumble* (1872), 66 Ill. 428; *Edwards* v. *Estell* (1874), 48 Cal. 194; *Crabill* v. *Marsh* (1882), 38 Ohio St. 331.

2.

3.   The failure to pay the amount stipulated for would be a mere breach of contract and not a fraud.

As to the third and fourth propositions, the complaint alleged that the sale was for the real estate and personal property jointly for the sum of $5,950, in gross.

4.   There is nothing to indicate that the purchaser would have taken the personal property without the land.

It is stated that appellants "sought out and found a pur-

chaser for all of said property, real and personal, in gross." The memorandum of the sale describes the property to be conveyed as "said farm with all its improvements, live stock of every description, fowls, farming implements, wagons, buggy or surrey, and vehicles of all descriptions, corn in crib and otherwise, fodder, and all other provender on said farm." It is not claimed that there was any sale of personal property apart from the real estate.

As to the fifth, sixth and seventh propositions, it is true that as a general rule a contract valid in place where made is valid everywhere. The rule is, however, not without exceptions, one of which is where a contract violates positive statutes of the state in which it is sought to be enforced. *Palmer* v. *Palmer* (1903), 26 Utah 31, 72 Pac. 3, 61 L. R. A. 641, 99 Am. St. 820, 821; Story, Conflict of Laws (8th ed.), §327; *Pope* v. *Hanke* (1895), 155 Ill. 617, 40 N. E. 839, 28 L. R. A. 568; *Seamans* v. *Temple Co.* (1895), 105 Mich. 400, 63 N. W. 408, 28 L. R. A. 430, 55 Am. St. 457; *Marshall* v. *Sherman* (1895), 148 N. Y. 9, 42 N. E. 419, 51 Am. St. 654, 34 L. R. A. 757; *First Nat. Bank* v. *Shaw* (1902), 109 Tenn. 237, 70 S. W. 807, 97 Am. St. 840, 59 L. R. A. 498; *Bank of Columbia* v. *Walker* (1884), 14 Lea (Tenn.) 299; *Milliken* v. *Pratt* (1878), 125 Mass. 374, 28 Am. Rep. 241.

Judgment affirmed.