# MORTON v. GAFFIELD.

[No. 7,695. Filed June 25, 1912.]

1. CONTRACTS.—*Sale of Real Estate.*—*Commission Contracts.*— *Statutory Requirements.*—In an action for a commission for the sale of real estate, plaintiff must show a substantial compliance with §7463 Burns 1908, Acts 1901, p. 104, which provides that no contract for the payment of a commission for procuring a purchaser for the real estate of another shall be valid, unless the

same shall be in writing and signed by the owner of such real estate or his legally appointed and qualified representative. p. 31.

2. CONTRACTS.—*Sale of Real Estate.—Commission Contracts.—Elements.*—To constitute an enforceable contract under §7463 Burns 1908, Acts 1901 p. 104, providing that no contract for the payment of a commission for procuring a purchaser for the real estate of another shall be valid, unless the same shall be in writing and signed by the owner of such real estate or his legally appointed and qualified representative, the contract must be signed by the owner of the real estate or his representative, and must express a definite consideration. p. 31.

3. CONTRACTS.—*Sale of Real Estate.—Commission Contracts.—Description of Real Estate.—Sufficiency.*—In an action to recover a commission for the sale of real estate, where the land was described in the contract as "my farm of 120 acres," such description, though incomplete, did not render the contract invalid, and parol evidence was admissible to show that the land described in the complaint was the land on which the minds of the parties met at the time the contract was signed. p. 32.

4. APPEAL.—*Record.—Motion for New Trial.*—Error predicated on the overruling of a motion for a new trial, based on the evidence, cannot be considered, where the evidence is not in the record. p. 33.

5. APPEAL.—*Review.—Proceedings in Trial Court.—Presumption.*—Where the evidence is not in the record on appeal, it will be presumed that the averments of the complaint were fully proved by the evidence offered. p. 33.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by William P. Gaffield against James T. Morton. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George A. Williams,* for appellant.
*Frank Foltz,* for appellee.

ADAMS, P. J.—This action was commenced before a justice of the peace to recover a commission alleged to be due for services in procuring a purchaser for appellant's real estate. Appellee recovered judgment before the justice, and appellant appealed therefrom to the Jasper Circuit Court, where appellee again recovered judgment, from which this appeal is taken.

The complaint alleges that defendant, James T. Morton,

on November 1, 1907, entered into a contract with plaintiff for the sale of 120 acres of land (describing it) in Milroy township, Jasper county, Indiana, as follows:

"Nov. 1, 1907 listed my farm of 120 acres at 35 per acre on a commission of $1.00 per acre to be cash.

James T. Morton."

It is averred that the listing of the land was with the plaintiff; that the plaintiff accepted the conditions of said contract, which were subsequently modified by the following letter:

"Watseka, Ill. May 6, 1909.

Mr. W. P. Gaffield,
Rensselaer, Ind.

Dear Sir:—Is there any one living on my place? If not, tell them to keep out and keep all stock out. I am expecting a party to look at the place soon, and I want to sell to him and if you should see him and can say anything in favor of me, allright, the price is between 30 and 35.00 and it is worth the money. I would not trade at that price. If there is now on [no one] farming the place I would like to know it at once, so I can arrange to bring some teams and put out a fine bunch of buck wheat. Let me hear at once. Very truly yours,

James T. Morton."

It is further averred in the complaint that, in pursuance of said agreement, plaintiff found a purchaser for said real estate at and for the price of $30 an acre; that defendant closed the sale of said real estate with said purchaser, and that by reason of furnishing said purchaser and aiding and assisting in the sale of said land, there is due and owing plaintiff, as a commission under the terms of the contract, the sum of $120, for which judgment is demanded. Appellant demurred to this complaint for want of sufficient facts, which demurrer the court overruled. Trial by jury, verdict and judgment in favor of appellee for $120.

The only error assigned and not waived by appellant is that the court erred in overruling the demurrer to the com-

plaint. The single question presented by the record and briefs is whether the memorandum and letter set out in the complaint constitute an enforceable contract, as defined by §7463 Burns 1908, Acts 1901 p. 104, which reads as follows : "That no contract for the payment of any sum of money or thing of value as and for a commission or reward for the finding or procuring by one person, of a purchaser for the real estate of another, shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and qualified representative." It has been held that in an action for commissions against the owner of real estate sold, a substantial compliance with the terms of the statute will be required. *Price* v. *Walker* (1909), 43 Ind. App. 519, 522, 88 N. E. 78; *Provident Trust Co.* v. *Darrough* (1907), 168 Ind. 29, 36, 78 N. E. 1030. In the case last cited, at page 35 the Supreme Court said: "The manifest purpose of the statute was to protect owners of real estate against doubtful and conflicting claims for services as alleged agents in connection with real estate sales. * * * The operation of this statute will not be extended further than necessary to make its spirit and purpose effective."

And this court, in the recent case of *Olcott* v. *McClure* (1912), 50 Ind. App. 79, 98 N. E. 82, quoted the above with approval, and added: "The statute just cited was enacted to protect the owners of real estate against the imposition and fraud of real estate agents, not to enable them to commit such fraud and imposition against such agents."

It will be noted that the contract forming the basis of this action is in writing, is signed by the owner of the real estate, and expresses a definite consideration. To constitute an enforceable contract, under §7463, *supra*, these elements must appear in the instrument sued on. *Beahler* v. *Clark* (1904), 32 Ind. App. 222, 226, 68 N. E. 613; *Selvage* v. *Talbott* (1911), 175 Ind. 648, 95 N. E. 114, 33 L.

R. A. (N. S.) 973; *Zimmerman* v. *Zehendner* (1905), 164 Ind. 466, 469, 73 N. E. 920, 3 Ann. Cas. 655.

3. But it is urged by appellant that no sufficient description or identification of the land is shown by the contract, said land being only identified as "my farm of 120 acres."

In *Doney* v. *Laughlin* (1912), 50 Ind. App. 38, 94 N. E. 1027, the written instrument acknowledging and promising to pay the commission was executed after the sale, and the real estate was described as "my farm". The court said: "It has been held that parol testimony may be admitted to enable the court properly to apply the contract to the subject-matter. This does not change or modify the terms of the agreement, but makes possible an intelligent application of it to the subject of the contract. As our statute does not provide that the agreement shall describe the real estate to be sold, and as in this case the instrument was written after the sale, it is not insufficient for failing so to do, and the reference thereto in the agreement is sufficient on the facts of this case." See authorities there cited.

To the same general effect is the case of *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509, which was an action for the specific performance of a contract to sell "all of her interest in the real estate formerly owned by Augustus Ames, deceased." It was insisted that the description was too indefinite and uncertain, but the court said: "It is well established that where the description given is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. *Tewksbury* v. *Howard* (1894), 138 Ind. 103 [37 N. E. 355]; *Maris* v. *Masters* (1903), 31 Ind. App. 235 [67 N. E. 699]; *Warner* v. *Marshall* (1906), 166 Ind. 88 [75 N. E. 582]; *Howard* v. *Adkins* (1906), 167 Ind. 184 [78 N. E. 665]."

So in the case at bar, we think it was competent to show that the 120 acres of land described in the complaint was the land on which the minds of the parties met at the time the memorandum was signed. This is assured by the letter set out in the complaint, wherein appellant made inquiry of appellee whether there is "any one living on my place? If not, tell them to keep out and keep all stock out." This letter clearly recognizes some authority in appellee over the farm of appellant, and clearly presumes that "my place" is a sufficient designation fully to advise appellee as to the place meant.

We think the signed memorandum, as modified by the letter of May 6, 1909, is capable of enforcement without a fuller identification in the contract, and that the land in regard to which the parties contracted may be shown by parol proof to be the land described in the complaint.

The evidence is not in the record, and the error predicated on the overruling of the motion for a new trial cannot be considered. Every presumption being indulged on appeal in favor of the correctness of the judgment of the trial court, we must assume that the averments of the complaint were fully proved by the evidence offered. On this assumption, a reversal of the judgment and a holding that the complaint fails to state a cause of action would be extending the operation of the statute further than necessary to make its spirit and purpose effective, which purpose, as declared by this court, was to protect the owners of real estate against fraud, and not to enable them to commit such fraud.

The judgment is affirmed.

NOTE.—Reported in 98 N. E. 1007. See, also, under (1) 19 Cyc. 191; (2) 19 Cyc. 219; (3) 17 Cyc. 724; (4) 3 Cyc. 175; (5) 3 Cyc. 313. As to a real estate broker's right to commission, see 139 Am. St. 225.