## LUTHER v. BASH ET AL.

[No. 9,031.    Filed April 6, 1916.]

1. FRAUDS, STATUTE OF.—*Requirement of Writing.*—*Compliance.*— Generally a contract required by law to be in writing must be wholly so in order to be enforceable as a written contract, since a a contract partly in writing and partly in parol is a parol contract.    p. 539.

2. CONTRACTS.—*Commissions.*—*Sales of Real Estate.*—In an action by one seeking the collection of commission for services rendered against the owner of real estate disposed of, plaintiff must show a substantial compliance with the statute requiring the contract to be in writing in order to recover.    p. 539.

3. CONTRACTS.—*Commissions.*—*Sales of Real Estate.*—*Statutes.*— While the manifest purpose of the statute (§7463 Burns 1908, Acts 1901 p. 104) requiring contracts for the payment of commissions for the sale of real estate to be in writing was to protect owners of real estate against imposition and fraud on the part of

real estate agents, it was not intended to enable the landowner to commit fraud or imposition upon the agent; and hence, while the statute must be substantially complied with, its operation should not be extended further than necessary to make its spirit and purpose effective.   p. 534.

4.   CONTRACTS.—*Matter Implied.*—Whatever may be fairly implied from the terms or nature of an instrument is, in the judgment of law, contained in the instrument and is as much a part thereof as that which is expressed.   p. 540.

5.   CONTRACTS.—*Commissions.*—*Sales of Real Estate.*—*Statutes.*— Under §7463 Burns 1908, Acts 1901 p. 104, requiring contracts for the payment of commissions for the sale of real estate to be in writing, a contract to pay brokers two per cent of cash or property received in trade for a farm, was enforceable against the owner of such farm, who had declined to convey after a purchaser had been procured, although the exact amount of the commission could not be ascertained without the aid of parol evidence, since the reception of such parol evidence would be merely explanatory to aid the court in applying the contract to the subject-matter, and could not be deemed as supplying any essential part of the contract. p. 540.

From Henry Circuit Court; *John F. LaFollette*, Special Judge.

Action by William E. Bash and another against Sarah Peele Luther.. From a judgment for plaintiffs, the defendant appeals.  *Affirmed.*

*Bundy & Jones*, for appellant.
*Clarence Brown* and *John O. Spahr*, for appellees.

MORAN, J.—Appellees recovered a judgment for $430 against appellant upon a broker's contract for commission alleged to be due for services rendered in disposing or attempting to dispose of appellant's farm in Jackson County, Indiana. The question presented upon the sufficiency of the complaint to withstand a demurrer is likewise presented on the conclusions of law rendered by the court on the facts specially found, and as a matter of convenience will be disposed of under the assignment of error questioning the action of the court in stating its conclusions of law.

The special finding of facts in substance discloses that appellees were engaged in the brokerage business in the city of Indianapolis, and entered into a contract with appellant to dispose of a farm of 360 acres located near Crothersville, Jackson County, Indiana, and known as the "Vernon" farm, under the terms of the following agreement:

"Indianapolis, Indiana, March 24, 1910. Bash & Bash, Indianapolis, Indiana. Gentlemen:—You are hereby authorized to undertake the sale of my farm of 360 acres located near Crothersville, Indiana, and if sold or traded to any one procured through you for any price or consideration satisfactory to me in either cash or other property in trade, I agree to pay you the customary commission of two per cent thereon. (Signed) Sarah Peele."

That, acting under the foregoing agreement, appellees procured one T. A. White to examine the farm, who was desirous of exchanging Indianapolis property therefor; that on March 15, 1910, T. A. White examined the "Vernon" farm, and on March 24, 1910, appellant examined the White property in the city of Indianapolis; that the amount of the incumbrances, the value of the properties, the terms and conditions of the trade were discussed by the parties respectively, and on April 5, 1910, appellant made a written offer to T. A. White for the trade of her farm for his Indianapolis real estate as follows:

"Crothersville, Indiana, April 5, 1910. T. A. White: I hereby offer to trade my equity in the farm known as the 'Vernon' farm and T. A. White to pay me $1,000.00 in money for his property corner New Jersey Street and East 22nd Street and 58, 60, 62 and 64 Cornell

Avenue, Indianapolis, Indiana, for the equity. (Signed) Sarah Peele."

That on April 6, 1910, the foregoing written offer was received by appellees, Bash & Bash, and through them, on April 10, 1910, T. A. White accepted appellant's offer in writing by writing at the bottom thereof, "Accepted if closed by May 5, 1910, T. A. White", and on April 12, 1910, appellee William E. Bash mailed through the United States mail a copy of the acceptance to appellant, which was received by her in the due course of mail, and at the time of the acceptance T. A. White was ready and willing to consummate the trade and exchange of properties and ready and willing to close the deal, but appellant refused to carry out the terms of the offer and the trade was never completed. The value of appellant's farm was $21,500, and the value of T. A. White's property was $20,000. That Sarah Peele intermarried with one W. J. B. Luther after the signing of the contract. The conclusions of law rendered on the facts found were that the law was with appellees and that they were entitled to recover $430 from appellant.

It is appellant's position that the essential elements of a written contract, as required by statute, are wanting in this cause, in that parol evidence must be resorted to in order to determine the amount of commission appellees are entitled to recover, if any. The statute here under consideration provides: "That no contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative." §7463 Burns 1908,

Acts 1901 p. 104. As a general proposition, it can be stated that a contract required by
1. law to be in writing must be wholly so in order to be enforceable as a written contract; that a contract partly in writing and partly in parol is a parol contract, and does not satisfy a statute which calls for a written contract as here under consideration. *Zimmerman* v. *Zehendner* (1905), 164 Ind. 466, 73 N. E. 920, 3 Ann. Cas. 655; *Porter* v. *Patterson* (1908), 42 Ind. App. 404, 85 N. E. 797; *Selvage* v. *Talbott* (1911), 175 Ind. 648, 95 N. E. 114, 33 L. R. A. (N. S.) 973, Ann. Cas. 1913 C 724; *Waddle* v. *Smith* (1915), 58 Ind. App. 587, 108 N. E. 537.

The immediate infirmity urged by appellant as to the contract under consideration is that the language "I agree to pay you the customary
2. two per cent thereon" furnishes no basis upon which to calculate the amount of commission due appellees, if any. In actions of the class to which the one at bar belongs, the party seeking the collection of commission for services rendered against the owner of real estate disposed of must show a substantial compliance with the statute requiring the contract to be in writing in order to recover. *Morton* v. *Gaffield* (1912), 51 Ind. App. 28, 98 N. E. 1007; *Price* v. *Walker* (1909), 43 Ind. App. 519, 88 N. E. 78; *Provident Trust Co.* v. *Darrough* (1907), 168 Ind. 29, 78 N. E. 1030.

It has been held that the manifest purpose of the statute under consideration is to protect owners of real estate against the imposition
3. and fraud of real estate agents in attempting to collect for services alleged to be performed in the disposition and sale of real estate where the claim was of doubtful character, but that the statute was not intended to enable the landowner

to commit fraud or imposition upon the agent; and that the statute must be substantially complied with; but that the operation of the statute should not be extended further than necessary to make its spirit and purpose effective. *Selvage* v. *Talbott, supra; Doney* v. *Laughlin* (1912), 50 Ind. App. 38, 94 N. E. 1027; *Zimmerman* v. *Zehendner, supra; Beahler* v. *Clark* (1904), 32 Ind. App. 222, 68 N. E. 613.

The contract in the case at bar, as we have seen, provides that appellees were to receive a commission of two per cent for the services to be performed by them in disposing of appellant's real estate in the manner provided. When the language in reference to the two per cent is read in connection with all the language employed in the drafting of the contract, and in the light of the subject-matter, it can be fairly inferred that the two per cent was to be calculated upon the amount appellant was to receive for the real estate. Whatever may be fairly implied from the terms or nature of an instrument is, in the judgment of law, contained in the instrument. 6 R. C. L. 856. In other words what is implied in an express contract is as much a part of the contract as what is expressed. *Delaware, etc., Canal Co.* v. *Pennsylvania Coal Co.* (1869), 8 Wall. 276, 19 L. Ed. 349; *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 64 N. E. 680. Thus the only element omitted from the contract in the light of the foregoing authorities is the given amount upon which the two per cent was to be calculated. At the time of entering into the contract, the price the farm was to be sold for was not, as is disclosed by the contract, agreed upon, but it was provided that if appellees sold or traded appellant's farm for a price or consideration

satisfactory to her, either in cash or in the exchange of other property, appellees were to receive a commission of two per cent therefor. After entering into the contract, appellant, through the efforts of appellees, addressed a written proposition to one T. A. White, expressing her desire to exchange her farm listed with appellees for his Indianapolis property providing he paid her a difference of $1,000. This proposition was accepted by T. A. White in writing, and thus there was a meeting of the minds of the parties as to the properties to be exchanged and the payment of the difference by T. A. White. The trial court permitted parol testimony to be resorted to for the purpose of establishing what appellant was to receive for her farm, which as is disclosed was $21,500, and upon this amount the two per cent was computed by the trial court. Now, if an essential part of the contract was supplied by parol evidence resorted to, then appellees must fail, as the contract must be regarded as a parol contract and in derogation of the statute, which requires contracts of this character to be in writing. The parol evidence resorted to brought to the court the amount appellant was to receive for her farm, but did not vary the terms of the written instrument entered into authorizing appellees to procure a purchaser for her farm, nor did it vary the terms of the written proposal by appellant and the acceptance by T. A. White. If the evidence thus admitted went to the form and not to the substance of the written instrument and was only explanatory and for the purpose of aiding the court in applying the written instrument to the subject-matter, then no essential part of the same was supplied by parol evidence. It was said in *Doney* v. *Laughlin, supra,* in reference to the statute under consider-

ation that parol testimony may be admitted to
enable the court to properly apply the contract
to the subject-matter to make possible an intel-
ligent application of it to the subject of the con-
tract. In *Ames* v. *Ames* (1910), 46 Ind. App.
597, 91 N. E. 509, where it was insisted that the
description of real estate was not sufficient to
compel specific performance, it was said: "It is
well established that where the description given
is consistent, but incomplete, and its completion
does not require the contradiction or alteration of
that given, nor that a new description should be
introduced, parol evidence may be used to com-
plete the description and identify the property."
In *Morton* v. *Gaffield*, *supra*, the contract under
consideration read "November 1, 1907, listed my
farm of 120 acres at 35 per acre on a commission of
$1.00 per acre to be cash. James T. Morton".
It was there said, "So in the case at bar, we think
it was competent to show that the 120 acres of
land described in the complaint was the land on
which the minds of the parties met at the time
the memorandum was signed.   *   *   *   And the
land in regard to which the parties contracted
may be shown by parol proof to be the land de-
scribed in the complaint."

In addition to the minds of the parties meeting
upon the express stipulations of the instruments,
their minds also met as to the real basis upon
which the two per cent was to be computed viz.,
the consideration appellant was to receive for her
property. This was not known either in money
or property at the time the contract was entered
into and could not be known until appellee's com-
pensation was earned by procuring a purchaser
willing, ready and able to purchase appellant's
property at a money consideration satisfactory to

her or in consideration of the exchange of other property satisfactory to her. Hence, when the negotiations reached this stage in the course of the dealing as it did from the finding of facts, the actual amount upon which to make the computation of two per cent was determined. Now, to allow this fact to be supplied by parol proof was not supplying an essential element or ingredient of the written instruments as nothing was added to the same but to enable the court to properly apply the written instruments to the subject-matter under consideration.

No error was committed by the trial court in stating its conclusions of law on the facts specially found. The conclusion thus reached disposes of the questions presented by the action of the court in overruling appellant's motion for a new trial. There is no error in the record calling for a reserval of the judgment. Judgment affirmed.

NOTE.—Reported in 112 N. E. 110. Generally as to necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see 44 L. R. A. 601, 9 L. R. A. (N. S.) 933, 46 L. R. A. (N. S.) 129. As to power of legislature to require contracts for commissions for finding a purchaser for real estate, to be in writing, see 33 L. R. A. (N. S.) 973. As to the right of a real estate broker to recover commissions under an oral contract of employment where statute requires written contract, see 13 Ann. Cas. 977; Ann. Cas. 1915 A 1133.