## DANNHAUER ET AL. *v.* YOUNG ET AL.

[No. 9,694. Filed March 27, 1919. Rehearing denied June 20, 1919. Transfer denied October 13, 1920.]

1. APPEAL.—*Review.*—*Venue.*—*Record.*—Where change of venue was granted, but the costs were not paid, and the cause was tried in the original county without objection or exception, no question thereof is presented on appeal. p. 653.

2. VENUE.—*Change from County.*—*Payment of Costs.*—The venue of a cause, ordered ·changed upon payment of costs, remains in the original county until the costs are paid. p. 656.

3. APPEAL. — *Review.* — *Weighing Evidence.* — The Appellate Court will not weigh evidence in passing upon its sufficiency to support a verdict or finding, notwithstanding the provisions of §698 Burns 1914, Acts 1903 p. 338. p. 656.

4. APPEAL.—*Presumptions.*—*Duty of Appellant.*—*Record.*—On appeal the presumption is that the judgment of the lower court is correct, and the burden is on the appellant to present a record that will overthrow that presumption. p. 656.

5. SPECIFIC PERFORMANCE.—*Contract of Sale of Real Estate.*—*Mutuality.*—Contract of sale of real estate *held* sufficiently mutual and enforceable by specific performance. p. 657.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by Harry J. Young and another against Margaret Dannhauer and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*George A. Yopst, Bowers & Feightner, William A. Branyan* and *C. K. Lucas,* for appellants.

*A. W. Hamilton* and *Watkins & Butler,* for appellees.

McMAHAN, J.—Action by Harry J. Young and wife against the appellants and others to reform a contract for the sale of certain real estate situated in Hunting-ton county, Indiana, for the specific performance of the same when reformed, to quiet title to said real estate and for ejectment. The complaint is in three paragraphs. Appellants, after filing their answers, filed a

cross-complaint in two paragraphs against the appellees and Ross O. Kaylor, wherein the appellants alleged that the contract had been obtained by fraud; that Kaylor and the other defendants claimed some interest in said real estate, and asking that the appellants' title be quieted in them. After the issues were closed, appellee Harry J. Young filed his affidavit for a change of venue from Huntington county and the cause was sent to the superior court of Allen county, where said Kaylor filed his affidavit for a change of venue and the cause was sent to the circuit court of Wells county where an ineffectual trial was had. The appellants thereafter filed a verified motion for a change of venue from Wells county. While this motion for a change of venue was pending, the appellees, by leave of court, filed an amended first paragraph of complaint. The motion for a change of venue was sustained on February 9, 1915, and the clerk was ordered to send the cause to the Adams Circuit Court upon payment of costs.

No further action appears to have been taken in the cause until in February, 1916, when the appellants appeared in the Wells Circuit Court and filed their answers to the amended first paragraph of complaint. The cause was again put at issue, and, without any objection on the part of the appellants, was again tried in Wells county. The legal issues were submitted to a jury and the equitable issues to the court for trial. A request was made that the court find the facts specially. After the evidence had all been introduced, the appellees dismissed their complaint as to all parties except the appellants, and the appellants dismissed their cross-complaint as to Kaylor. The jury returned a verdict for the appellees, and also answered certain interrogatories which had been submitted to them. Within thirty days thereafter, appellants filed a motion for a new trial. The reasons Nos. 1 to 6 assigned for a new trial

relate to change of venue from Wells county to Adams county. There is nothing in the record showing that the change was perfected by the payment of costs, and, the cause having been subsequently tried in Wells county without objection or exception, reasons 1 to 6 present no question for our consideration.

The remaining reasons stated are: (7) That the verdict of the jury "is not sustained by sufficient evidence"; (8) that the verdict of the jury is "contrary to laws"; (9) that the verdict of the jury "is contrary to the evidence." The court overruled this motion April 19, 1916, to which ruling appellants excepted. The court, at a later date, made and filed its special finding of facts, and stated its conclusions of law.

The facts, as found by the court, are substantially as follows: Before the commencement of this action appellant Margaret Dannhauer was the owner of a certain lot in the city of Huntington, Indiana; that in November, 1913, she and her husband, Charles A. Dannhauer, executed a contract wherein they agreed to convey said real estate to the appellees by a warranty deed for a consideration of $3,000, payable in monthly installments of $25, the appellees having the privilege of paying more than $25 at any time, all deferred payments to draw six per cent. interest, notes to be given by appellees for the deferred payments when they took possession, and in case appellees failed to perform their part of the contract, it should be void at the option of the Dannhauers and on thirty days' notice all money paid by the appellees should be retained as rent, that one Ross O. Kaylor was the agent of Margaret Dannhauer to sell said real estate and negotiated the sale to appellees, and, when said contract was made, appellees paid Kaylor $25, to be applied on the purchase price, which payment Kaylor reported to Mrs. Dannhauer and she authorized Kaylor to retain the same and credit it

on his commission; that before the beginning of the suit appellees tendered to Margaret Dannhauer a sum of money sufficient to cover all that was, at that time, due on the contract, and signified their willingness to carry out the terms of said contract; that Margaret Dannhauer refused to accept the same or to proceed to carry out the contract; that Margaret Dannhauer and her husband, after the execution of said contract, conveyed said real estate to the appellant, Alberta Dannhauer, who took the same with full knowledge of the contract and without paying or giving any consideration therefor; that by oversight of the parties and the scrivener who wrote said contract the words "possession to be given immediately" were omitted from said contract; that it was agreed that possession should be given immediately; that the Dannhauers refused to carry out said contract and to give possession to appellees; and asserted that appellees had no interest in the said real estate; that the Dannhauers kept possession of said real estate and received and retained the rents thereof, and announced that they would not be bound by said contract; and that the appellees had been damaged in the sum of $300 on account of being kept out of possession.

Upon the facts, the court concluded, as a matter of law, that: (1) The law was against the appellants; (2) the contract should be reformed by inserting therein the words, "possession to be given immediately"; (3) the appellants should give possession to the appellees and convey said real estate to them when appellees should pay Margaret Dannhauer $2,975, with interest; (4) there was then due Margaret Dannhauer from appellees $750 on the principal and $390 as interest, and that the balance of the purchase money should be paid in monthly installments of $25, payable the 13th of each month, and on failure of Margaret Dannhauer to

execute a deed when all payments have been made, a commissioner should be appointed to make conveyance; (5) appellees are entitled to have damages in the sum of $300, and that the same should be credited up and deducted from the $1,140 due the Dannhauers.

Appellants separately excepted to each of said conclusions of law and on the same day filed a motion for a new trial as to the issues tried by the court. The first and second reasons assigned were that the finding of the court is not sustained by the evidence and is contrary to law. None of the other reasons come within the statute except Nos. 12 and 13, and they are the same as Nos. 1 and 2, except that the word "decision" is used instead of "finding." This motion was overruled and exception saved. The court then rendered judgment on the verdict and conclusions of law against the appellants.

The errors assigned in this court are: (1) That the judgment and proceedings of the Wells Circuit Court are void because the court had no jurisdiction over the subject of the action; (2) that all proceedings of said court after February 9, 1915, are void and erroneous for the same reason; (3) that the Wells Circuit Court erred in overruling appellants' motion for a new trial on the issues submitted to the jury for trial; (4) that the court erred in overruling their motion for a new trial on the issues submitted to the court for trial; (5) that the court erred in each of its conclusions of law; (6) that each of the special findings of fact numbered 1 to 11 is not fairly supported by the evidence and is clearly against the weight of the evidence; (7) that the judgment founded on the special finding of facts is not fairly supported by the evidence and is against the weight of the evidence.

Assignments Nos. 1 and 2 relate to the motion for a change of venue from Wells county. The record shows

that the appellants were granted a change of venue from Wells county upon the payment of costs, but the record does not show that the change was perfected by the payment of costs. The venue therefore remained in Wells county. *Snyder* v. *Bunnell* (1878), 64 Ind. 403.

The third and fourth assignments will be considered together. The appellants insist that the evidence is insufficient to support the findings of the court and invoke the benefit of the provisions of §698 Burns 1914, Acts 1903 p. 338, §8, which require that this court, in all cases not triable by jury, shall consider and weigh the evidence and admissions heard in the trial, and if it appears that the judgment is not fairly supported by, or is clearly against, the weight of the evidence, to award judgment according to the weight of the evidence. It is scarcely necessary to say that this court will not weigh evidence in passing upon its sufficiency to support the verdict of the jury or the finding of the court. We will content ourselves with citing *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677, wherein the question is fully discussed.

We have studied the evidence carefully, and have also had the benefit of an oral argument, and do not believe it necessary to extend this opinion by setting out the evidence. There is a sharp conflict in the evidence, but there is evidence to support the verdict of the jury and the finding of the court upon every issue of fact involved. The court and jury heard and saw the witnesses, and were in a much better position to determine where the preponderance lay than we are. The judge before whom the cause was tried and who rendered the judgment appealed from also heard the evidence given on the first trial and, with the knowledge gained by listening to and seeing the witnesses on

both trials, has placed his approval on the verdict of the jury. The presumption is that the judgment of the lower court is correct and the burden is on the appellants to bring before us a record that will overthrow that presumption. In this they have failed.

The evidence clearly shows that the contract was fairly entered into, that it was the understanding that the appellants were to be given possession of the real estate in controversy; that the provision relative to possession was omitted from the contract through the mutual mistake of the parties thereto; that the contract should be reformed accordingly, and that when reformed it should be specifially performed.

The appellants insist that the contract lacks in mutuality and is not such a contract as the court will order specifically performed. Our judgment is otherwise. The motion for a new trial was properly overruled. Judgment affirmed.