## DANNHAUER v. KAYLOR.

[No. 10,214. Filed January 27, 1920. Rehearing denied April
22, 1920. Transfer denied December 22, 1920.]

1. BROKERS.—*Sale of Real Estate.—Contract for Commission.—
Sufficiency of Description of Lot.*—A written agreement to pay
a commission for selling "my house on Matilda Street" con-
tains a sufficient reference to the real estate sold. p. 525.

2. CONTINUANCE.—*Application on Ground of Absent Witness.—
Subject of Testimony Determined in Another Action.—Harm-
less Error.*—Where in an action to recover commission an ap-
plication for continuance was based on the absence of a witness
who if present would testify on the question of whether a sale
was consummated, and where such question was litigated by
the party in another action, and therein finally determined
against her, no available error exists in the refusal of the con-
tinuance, especially in view of the fact that she had had sev-
eral continuances, in the applications for which she claimed no
other defense, and in one of which she specifically referred to
said other action as being one in which her liability would be
determined. p. 525.

3. APPEAL.— *Misconduct of Plaintiff.— Conditional Reversal.—
Trial.*—Where plaintiff did not inform the court that a part
of his demand had been paid, and, defendant being absent,
judgment was rendered for the whole amount, the plaintiff's
failure was misconduct necessitating his payment of the costs
of appeal, and a reversal in case he does not enter a proper re-
mittitur. p. 526.

From Whitley Circuit Court; *Luke H. Wrigley*, Judge.

Action by Ross O. Kaylor against Margaret Dann-
hauer. From a judgment for plaintiff, the defendant
appeals. *Affirmed conditionally.*

. *Charles K. Lucas, George A. Yopst* and *Gates &
Whiteleather*, for appellant.

*J. Willard Moffett, H. B. Spencer* and *McNagny &
McNagny*, for appellee.

NICHOLS, C. J.—This action was commenced by ap-
pellee against appellant before a justice of the peace
in Huntington county, appealed to the Huntington Cir-

cuit Court, venued to the Wabash Circuit Court, and from there to the Whitley Circuit Court. The complaint is based upon the following contract:

"November 10, 1913.
"I, Margaret Dannhauer, agree to pay Ross O. Kaylor $75.00 (seventy-five dollars) for selling my house on Matilda Street.
(Sig.) Margaret Dannhauer."

The complaint avers performance by appellee, and refusal to pay by appellant. After the appeal from the justice of the peace, appellant filed her demurrer to the complaint, which demurrer was overruled. There was a trial by the court without a jury, and a finding for appellee against appellant in the sum of seventy-five dollars. After appellant's motion for a new trial, which was overruled, she now prosecutes this appeal.

The errors assigned are the ruling of the court in overruling appellant's demurrer to the complaint, and the court's ruling in overruling appellant's motion for a new trial.

Appellant contends that the complaint was insufficient to withstand demurrer for the reason that the contract upon which it was based had no sufficient reference to the real estate sold, and it must be aided by parol evidence to identify it. This point is decided against appellant's contention. *Doney* v. *Laughlin* (1912), 50 Ind. App. 38, 94 N. E. 1027; *Morton* v. *Garfield* (1912), 51 Ind. App. 28, 98 N. E. 1007. The demurrer was properly overruled.

Appellant complains of the court's ruling in overruling her motion for continuance filed in the Whitley Circuit Court. While the cause was pending in the Wabash Circuit Court, appellant filed four motions for continuances, all of which were granted. The cause was again set for trial March 13, 1916, but six days before the day for trial appellant filed her affi-

davit for change of venue, which was granted, and the venue was changed to the Whitley Circuit Court, in which court, on April 28, 1916, the cause was assigned for trial September 28, 1916. On September 18, 1916, she verified the motion for continuance involved, in which she says that she first learned that the cause was set for trial on September 14, 1916. This motion she did not file until September 27, 1916. Such a record as this would certainly induce a court to look with suspicion upon any further applications for continuance. It appears by the affidavit that the evidence that she expected to produce by a witness, her daughter, who was at the time absent, went to the question as to whether a sale had been consummated. She claimed no other defense in any of her affidavits for continuance. In her affidavit for continuance filed November 6, 1915, alleging the absence of the same witness, she further stated that there was pending in the Wells Circuit Court a cause of action which would determine the liability of appellant in the case at bar. That case was tried in the Wells Circuit Court, a finding and judgment was rendered against appellant confirming the sale, appeal was prosecuted to this court, and the judgment affirmed. See *Dannhauer* v. *Young* (1919), 73 Ind. App. 651, 122 N. E. 589. The liability of appellant seems to have been determined. There was no available error in overruling appellant's fifth motion for a continuance.

A motion for a new trial was filed by appellant alleging misconduct of appellee as the prevailing party.

3. It appears by the motion, supported by the affidavit of the court reporter, that appellee had testified in the case of *Dannhauer* v. *Young,* *supra,* that he had received $25 from the Youngs to be applied on the purchase price, which he reported to appellant and she told him to keep it on his commission. This statement is corroborated by the record in that

case. This fact was not developed in the trial of the case, appellant being absent, and appellee not informing the court. This was misconduct, and the judgment is excessive in the amount of $25. The judgment will be affirmed at appellee's costs upon condition that appellee file with the clerk of the trial court, within thirty days, his remittitur of $25 as of the date of the judgment, to be certified by such clerk to this court. If appellee shall fail to file such remittitur within said thirty days, then the judgment will be reversed at appellee's costs.