SOWERS ET AL. v. SCHOMMER.

[No. 11,883. Filed October 17, 1924. Rehearing denied February 5, 1925.]

1. BROKERS.—*Commission contract held to sufficiently describe real estate.*—A written contract authorizing the brokers named therein to sell certain real estate described as "Lot No. 1, in Idaho Place, S. E. corner Hulman St." contained a sufficient description of the real estate where the contract was dated at Terre Haute, as it will be presumed that the lot was located in that city. p. 481.

2. EVIDENCE.—*Courts judicially know the county in which each city of the State is located.*—The courts judicially know in what counties the cities of the State are located. p. 481.

3. BROKERS.—*Terms of sale need not be set out in commission contract.*—The statute relative to commission contracts for the sale of real estate does not require that the terms of the sale shall be set out in the commission contract. p. 482.

4. BROKERS.—*Complaint for realty brokers' commission held sufficient.*—A complaint by brokers for a commission for the

sale of real estate is sufficient which avers the execution of a written contract authorizing them to sell real estate described therein, definitely fixing the amount of the commission and alleging that a purchaser was found at a price satisfactory to the owner and that a sale ·and transfer of the property were accordingly made, though the contract did not expressly state the city, county or state in which the property was located. p. 482.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Action by Ora Sowers and another against Ernestine Schommer. From a judgment for defendant, the plaintiffs appeal. *Reversed.*

*Benjamin F. Small, Clay A. Phillips* and *Thomas F. O'Mara,* for appellants.

*McNutt, Wallace, Harris & Randel,* for appellee.

NICHOLS, P. J.—Action by appellants for commission for the sale of real estate.

The only error assigned is the action of the court in sustaining appellee's demurrer to appellants' complaint. The complaint, so far as here involved, is in substance as follows: In November, 1918, appellee was the owner of certain real estate in the city of Terre Haute, Vigo county, Indiana, to wit: Lot No. 1, in Idaho Place on Hulman street, said city, county and state. That on said date appellants and each of them were real estate brokers engaged in buying and selling real estate as agents for others. That on said date appellee entered into a written contract with appellants authorizing them to sell her said real estate and agreeing in said written contract to pay appellants the sum of one thousand dollars in the event of a sale. That, in pursuance thereof, appellants advertised the property for sale, and through their efforts, a purchaser was found at a price which was satisfactory to appellee, and a sale and transfer of said property was accordingly made to said purchaser, and that the commission stipu-

lated for in said contract was thereupon fully earned and due; that appellants have demanded payment of said commission from appellee, but that she has refused and failed to pay the same. There was a demand for judgment for $1,000.

The written contract is made an exhibit, and so far as here involved, is as follows: "Terre Haute, Indiana, November ——, '18 I hereby authorize Ora Sowers and H. Everett Linhart or their agents to sell the property named and described on this card according to the terms thereon stated, or as may hereafter be mutually agreed upon, and in consideration of their efforts and work to sell said property, I hereby give right to sell said property, and agree to give them One Thousand Dollars commission on the gross selling price. I will furnish abstract showing clear title except...........
This authority to continue in force unless revoked by 10 days written notice from me prior to the introduction of any prospective buyer.

"Name    Mrs. Ernestine Schommer.
"Address    Terre Haute, Indiana.
"Phone    (Old) Youngstown, Indiana.
"R. R. 'C' Box 334.

(On back of card)
"BUSINESS, DWELLING, LOT.
"Name          Town          Co.          State
"Lot No. 1, in Idaho Place, S. E. Cor. Hulman St.
"Size Lot. Stone, brick, cement, block, frame.
 brick and frame — size — stories 2.    *    *    *"

Appellee contends, and the question is presented by her demurrer, that the commission contract above set out is not sufficiently definite under the statute to give a right of recovery under §7463 Burns 1914, Acts 1913 p. 638. This section provides

that contracts to pay a commission for the sale of real estate are not valid "unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, that any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof." It is first contended that the description of the real estate to be sold is not sufficiently definite, but we are not in harmony with this contention. It is true that the contract itself does not mention the city, county or state in which the real estate is located but it bears date at Terre Haute, Indiana, and this creates a presumption that the real estate was located in that city. As was said in *Maris* v. *Masters* (1903), 31 Ind. App. 235, on 239: "For the purposes of determining the sufficiency of the complaint the presumption is that the lot in question is located where the agreement is dated." With the presumption then that the lot is located in the city of Terre Haute, this court will take judicial knowledge that such location is in Vigo county, Indiana. Authorities in point as to the description are: *Dannhauer* v. *Kaylor* (1920), 74 Ind. App. 524; *Herr* v. *McConnell* (1918), 67 Ind. App. 529, 119 N. E. 496; *Morton* v. *Gaffield* (1912), 51 Ind. App. 28, 98 N. E. 1007.

The statute does not require that the terms of the sale shall be set out in the commission contract. The complaint avers that a purchaser was found at 3, 4. a price which was satisfactory to appellee, and that a sale and transfer of the property was accordingly made. The amount of the commission is definitely fixed in the contract. The contract is enforceable, and the complaint states a cause of action.

The judgment is reversed, with instruction to overrule the demurrer to the complaint.