## BOLLERO v. WINTERMUTE.

No. 13,459.  Filed October 2, 1929.  Rehearing denied December 17, 1929.  Transfer denied February 4, 1930.]

*George A. Scott* and *E. L. Swadener,* for appellant.
*Walker & Hilleary,* for appellee.

REMY, J.—Action by appellee Wintermute, hereinafter referred to as appellee, against appellant, to recover commission for sale of real estate, and for services rendered by appellee in connection with the custody and management thereof.

Complaint in three paragraphs, the first and third being based upon an alleged written contract to pay appellee commission to sell the real estate; second, to recover for personal services rendered in the care and management of the land. In addition to denial to each paragraph of complaint, appellant pleaded *non est factum* to the first and third. Appellant also filed a crosscomplaint for recovery of damages for alleged wrongful detention of an abstract of title, to which appellee answered by denial.

On the trial, the court found the facts specially and stated its conclusions of law thereon. The material facts found are, in substance: On April 26, 1924, appellant and appellee entered into a written contract, by the terms of which, appellee was to have, for a period of six months, the exclusive right to sell certain land belonging to appellant, commission to be five per cent of the selling price, which was fixed at $4,500; that if the property was sold at any price acceptable to appellant, to any one whom appellee had interested, appellee was to receive his commission; that, in the fall of 1924, appellant agreed to a modification of the contract, in this,

that the selling price was reduced to $3,500, and the life of the contract extended six months; that, by mutual agreement, these changes in the contract as originally drawn were made by interlineations in the presence of the parties thereto; that, in January, 1925, through the solicitation of appellee, a contract for the purchase of the land at the price of $3,500 was signed by appellee Champer, and delivered to appellee, at which price appellant refused to sell; that, on April 12, 1925, appellant did sell and convey the land to Champer at the price of $3,750; that no notice to terminate the original contract had ever been given; that $50 was a reasonable fee for plaintiff's attorney; that appellee had unlawfully detained an abstract of title to the real estate, and appellant was damaged thereby in the sum of $37.50.

On the facts so found, the court stated its conclusions of law, holding that appellee was entitled to recover as his commission the sum of $187.50, with interest, and the sum of $50 attorney's fee; that appellant was entitled to recover on his cross-complaint the sum of $37.50; and that appellee should recover against the garnishee defendant.

Judgment followed, from which this appeal is prosecuted. Champer did not join in the appeal.

It is urged by appellant that the modified contract is not a written contract within the legal meaning of that term as used in the statute of frauds. The contention is that, after the interlineation, the contract was not signed again, and that, even if there was an agreement, which appellant does not concede, still the contract would not be sufficient under the statute; that it would have to be explained by parol, and is, therefore, a parol contract. It will be unnecessary to decide the legal question thus presented.

There is no dispute but that appellant agreed, in writing, to pay appellee a commission at the rate of five

per cent of the sale price for any sale of the property which was acceptable to appellant. The only changes made in the original contract related to the terms of the sale, and not to the payment of commission. The statute (Acts 1913 p. 638, §8048 Burns 1926) does not require that the terms of sale shall be set out in the contract; it is only the contract to pay commission that must be "in writing, signed by the owner of such real estate." That there was a written contract signed by appellant to pay commission, and that it was accepted by appellant, is not controverted. This court has correctly held that the purpose of the statute under consideration is to protect owners of real estate against the imposition and fraud of unscrupulous real estate agents, and was not intended to enable landowners, through fraudulent means, to escape payment of just claims for commission, and that "the operation of the statute should not be extended further than necessary to make its spirit and purpose effective." *Luther* v. *Bash* (1916), 61 Ind. App. 535, 112 N. E. 110. It follows that the court did not err in holding that appellee was entitled to recover the commission as agreed upon in writing. *Sowers* v. *Schommer* (1924), 82 Ind. App. 479, 144 N. E. 851.

Error is predicated upon the action of the court in admitting in evidence a conversation between appellant and appellee, which took place prior to the execution of the contract in question. The mere fact that the conversation was prior to the execution of the contract did not make it inadmissible. It is only evidence which tends to contradict or vary the terms of a contract that is inadmissible. The evidence admitted, and to which objection was made by appellant, in no way tends to vary the terms of the contract as written and signed; its admission was not error.

There is no reversible error.
Affirmed.