**Neldarose ROTH, Plaintiff/Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant/Respondent.**

No. 52358.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 10, 1987.

Gary W. Bomkamp, St. Louis, for plaintiff/appellant.

John J. Mohan, Richard D. Schreiber, Hinshaw, Culbertson, Moelman, Hoban & Fuller, St. Louis, for defendant/respondent.

GRIMM, Judge.

In this court tried case, Neldarose Roth appeals from the judgment in favor of Phillips Petroleum Company. Roth as lessor, claims that Phillips, as lessee, is not abiding by the terms of the agreement between the two parties. In addition, she also claims that the lease, as written, is ambiguous.

The appeal raises three issues. First, whether the lease is ambiguous, which permits the introduction of parole evidence. The alleged ambiguity is a clause in the contract which uses the word "lessor" where normally the word "lessee" would appear. We hold that this lease is not ambiguous, but instead that the use of the word "lessor" instead of "lessee" was a typographical error. Second, whether the contract may be reformed to reflect the intent of the parties. Because reformation was not plead at the trial court level, it is not cognizable on appeal. Third, whether the renewal term of the lease is violative of the Statute of Frauds, § 432.010 RSMo. 1986, because it was never memorialized in writing. Finding that it is not, we affirm.

Briefly, the evidence indicates that in 1940, Roth and her late husband leased property to Phillips. The Roths received a fixed monthly rental rate, supplemented by a bonus if gasoline sales exceeded a set rate. In 1967, a new lease was negotiated. This lease provided for a 15–year term, with three 5–year renewal options; the three renewal options were tied to the Consumers' Price Index as established by the U.S. Department of Labor, Bureau of Labor Statistics. Once an option was exercised, the original monthly rental rate would be increased or decreased in accordance with the Consumers' Price Index.

Approximately one month after this lease was signed, the parties executed a Lease Modification Agreement. Through this document, Phillips executed two of the three 5–year renewal options.

The primary question raised is, what construction is to be placed on this clause:

... If Lessee elects to exercise any of the three 5–year renewal options herein granted, the rent during such five (5) year extended terms shall be adjusted as follows:

If at the time Lessor exercises any of the renewal options contained in this paragraph the cost of living as established by the National Consumers' Price Index, U.S. Dept. of Labor, Bureau of Labor Statistics has varied upward or downward ...

Roth claims that the Consumers' Price Index should be taken into account at the beginning of each 5–year option term as they go into effect. Phillips, on the other hand, claims that the rent was adjusted and established at the time the option was exercised, not when it would go into effect. Thus, under Roth's theory, the Consumers' Price Index in effect on November 1, 1982, would be used to calculate the rent for the term from 1982 through 1987. Phillips, however, would use the Consumers' Price Index in effect on November 1, 1987, when the option for the period ending in 1992 was exercised.

The standard of review of a court tried case is that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial

**600**

evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976). Thus, the trial court's judgment will only be set aside if it is clearly wrong. *Murphy* at 32.

■ First, Roth claims that the lease is ambiguous because it contains the word "lessor" where logically the word "lessee" in the clause concerning the options to renew should appear. The pertinent section of the clause is:

> ... If Lessee elects to exercise any of the three 5–year renewal options herein granted, the rent during such five (5) year extended terms shall be adjusted as follows:
>
> If at the time *Lessor* exercises any of the renewal options contained in this paragraph the cost of living as established by the National Consumers' Price Index, U.S. Department of Labor, Bureau of Labor Statistics has varied upward or downward ... [emphasis added]

Roth then states, that because the word "lessor" makes the contract ambiguous, extrinsic evidence, concerning the contract, should be let in.

The law on this issue is clear. If the word in question appears to be a typographical error, the trial court may, by looking at the contract as a whole, interpret the word so it is more logically suited to the agreement. *Sheetz v. Price*, 154 Mo.App. 574, 136 S.W. 733 (1911).

In *Sheetz*, the plaintiff and defendant jointly operated a dairy farm. They set out their individual interests and responsibilities in a contract. The contract contained the following phrase:

> "It is agreed that this contract shall be in force for three years. It is agreed that sixty days prior to the end of *such* year under this contract that either party may terminate it by giving verbal or written notice." [emphasis added]

The court held, as plaintiff claimed, that the word "such" was a clerical error for the word "each". The court found that if this were not so, the provision would be a

nullity, because the contract would expire on its own volition at the end of three years. *Id.* 136 S.W. at 734.

Here, the trial court held that the word "lessor" was a typographical error and should be interpreted as "lessee". Under the standard of review of a court tried case, this finding is not without substantial evidence to support it, or against the weight of the evidence, nor does it erroneously declare or erroneously apply the law. *Murphy* 536 S.W.2d at 32.

In addition, it must be noted that even if the trial court had found an ambiguity, it could only allow in extrinsic evidence to clear up that particular ambiguity. It could not entertain evidence that interpreted the contract as a whole. *Fisher v. Miceli*, 291 S.W.2d 845 (Mo.1956). Thus, the only evidence which could be received would be on whether "lessor" or "lessee" belonged in that particular paragraph.

■ Second, Roth claims that the contract did not reflect the true intent of the parties and should have been reformed through the use of parol evidence. Roth did not plead reformation in her original petition. An appellant is bound by the theory submitted to the trial court, and is not permitted on appeal to seek new or different relief or to change that theory. *Johnson v. Duensing*, 332 S.W.2d 950 (Mo. 1960); *Herrick Motor Co. v. Fischer Oldsmobile Co.*, 421 S.W.2d 58 (Mo.App.S.D. 1967). Therefore, the point is denied.

Lastly, Roth claims that the renewal term of the lease is violative of the Statute of Frauds, § 432.010 RSMo. 1986, because "the rent adjustment for the renewal period was never memorialized in writing." We disagree, because the original lease set forth all of the terms of the original period of the lease, as well as for the renewal options. Only the amount of the rent for the renewal options was to change, and the method to determine that change was set forth in the lease.

■ In order for a lease to qualify as a valid writing under the Statute of Frauds, the rent term must be certain or capable of

being rendered certain through application of ordinary canons of construction or by reference to something certain; i.e. certain enough to be readily ascertainable. *Burger v. City of Springfield*, 323 S.W.2d 777, 783 (Mo.1959); *Kamada v. RX Group Ltd.*, 639 S.W.2d 146 (Mo.App.E.D.1982).

█ The use of a Consumers' Price Index to ascertain rent in the leasing of property is permissible, *Satterfield v. Layton*, 669 S.W.2d 287 (Mo.App.E.D.1984). By reference to it, the exact amount of rent due may be computed. Therefore, we hold that the use of the Consumers' Price Index in rent adjustment does meet the Statute of Frauds specificity requirement and does not make the renewal term void as violative of the Statute of Frauds.

The judgment is affirmed.

SIMON, P.J., and CRANDALL, J., concur.