**CAGE REALTY, INC., Appellant,**

v.

**Hugh A. and Marguerite J. HANNA, Respondents.**

**No. WD 49088.**

Missouri Court of Appeals, Western District.

Aug. 16, 1994.

James T. Buckley, Sedalia, for appellant.

Robert E. Harris, Warrensburg, for respondents.

Before ELLIS, P.J., and BERREY and SMART, JJ.

PER CURIAM:

Cage Realty, Inc. ("Cage") appeals from a summary judgment in a suit to recover a brokerage commission. Cage contends that its written listing agreement with Hugh A. Hanna and Marguerite J. Hanna ("the Hannas") did not violate the Statute of Frauds.

Reversed and remanded.

On September 29, 1989, the parties signed a listing agreement which appointed Cage as the sole and exclusive agent to sell, on behalf of the Hannas, real estate consisting of 399 residential lots and adjoining commercial property. The listing agreement did not mention the purchase price of the property, but did state that the Hannas would pay Cage a five percent commission upon the sale of all or any part of the listed property, regardless of whether it was the broker, the

owner, or some other person who sold the property.

Subsequently, Cage obtained buyers for twenty-eight of the lots, and received a commission for each of these sales. Cage, however, did not participate in the Hannas' sale of two tracts of their real estate to Russell M. Johnson, and Cage did not receive a commission for this transaction. Consequently, Cage filed suit to recover a brokerage commission for the Johnson sale, and the Hannas moved for a summary judgment on the ground that the parties' listing agreement violated the Statute of Frauds, and was therefore unenforceable. The motion, which alleged that the listing agreement violated the Statute of Frauds because it failed to include a purchase price for the property in question, was granted by the trial court.

As its sole point on appeal, Cage claims that even though the purchase price was not specified in the agreement, the fact that the listing agreement defined the brokerage commission as five per cent of the unspecified purchase price was sufficient to satisfy the Statute of Frauds.

█ The listing agreement in the case at bar is subject to the Statute of Frauds § 432.010, RSMo 1986, because the agreement was not one to be performed within one year. A writing is sufficient to satisfy the Statute of Frauds if it sets forth the essential terms of the agreement including the parties, the subject matter, the consideration, *the price,* and the promises upon both sides. *Seabaugh v. Sailer,* 679 S.W.2d 924, 926 (Mo. App.1984) (emphasis added).

█ As a general rule, a provision for a specified percentage of the purchase price is held to be sufficient to satisfy a statute requiring a real estate broker's contract to be in writing, even though the purchase price is not stated in the written instrument. 12 Am.Jur.2d *Brokers* § 49 (1964); Annotation, *Statutory Necessity and Sufficiency of Written Statement as to Amount of Compensation in Broker's Contract to Procure Purchase, Sale, or Exchange of Real Estate,* 9 A.L.R.2d 747, 774 (1950); *Badger v. Finlayson,* 219 Mich. 660, 189 N.W. 988 (1922); *Henderson v. Lemke,* 60 Or. 363, 119 P. 482 (1911). *See, also, Bollero v. Wintermute,* 91 Ind.App. 1, 168 N.E. 40 (1929) (brokerage agreement which provides for five per cent commission if the property is sold at any price which is acceptable to the seller is sufficient under the Statute of Frauds).

█ There is no Missouri case that is directly on point. However, in *Roth v. Phillips Petroleum Co.,* 739 S.W.2d 598 (Mo.App. 1987), the Eastern District held that the renewal terms of a lease did not violate the Statute of Frauds even though the lease did not specify an exact dollar amount of rent due during the renewal period; instead, the amount of rent due during the renewal period was tied to the Consumers' Price Index. In so doing, the *Roth* court explained that the lease's rent provision met the Statute of Fraud's specificity requirement because it was capable of being rendered certain through reference to a certain mathematical formula. 739 S.W.2d at 600–601. Similarly, in the case at bar, Cage's brokerage commission is capable of being rendered certain through reference to a certain mathematical formula, which is five per cent of the purchase price. Thus, consistent with *Roth,* it, too, satisfies the Statute of Frauds.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings.

All concur.