ANTON E. FROYD, Appellant, *vs.* MINNIE SCHULTZ, Appellee.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. EQUITY—*power of court, in Illinois, to reform a contract is not limited to striking out provisions.* In Illinois the power of a court of equity to reform a written contract so as to make it express the intention of the parties is not limited to striking out provisions not intended to be inserted, but extends also to the insertion of provisions which the evidence clearly shows were omitted through fraud, accident or mistake.

2. SAME—*equity may reform a contract and decree its specific performance as reformed.* A court of equity, in a proper case, may not only reform a contract so as to make it conform to the intention of the parties, but may decree that the same be specifically performed as reformed.

APPEAL from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

GEORGE W. WOOD, for appellant.

A. H. KOHLER, and J. T. & S. R. KENWORTHY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant, Anton E. Froyd, filed a bill in equity in the circuit court of Rock Island county against Minnie Schultz, appellee, praying for the reformation of a written contract for the sale of certain real estate and for the specific per-

formance of said contract after it is reformed.   The writing sought to be reformed and enforced is as follows:

"This agreement, made this 22nd day of March, 1912, by and between Mrs. Minnie Schultz and Anton Froyd, witnesseth: Mrs. Minnie Schultz hereby agrees to sell her property, located at 521 Fifteenth street, (26 feet frontage,) to Anton Froyd for the sum of $25,000, trust deed on said property payable in ten years at six per cent, payable semi-annually; also, in addition to said amount, she agrees to accept the property located at 2313 Fifth avenue, subject to a mortgage of $3000. All taxes due for the year 1911, which are payable in 1912, are to be paid by present owners. All papers are to be closed at Wilton Parson's office on April 1, 1912.

MINNIE SCHULTZ.

"I hereby accept the above proposition.—Anton Froyd.

A. E. FROYD."

The bill alleges that on the 22d day of March, 1912, appellant and appellee entered into an agreement by the terms of which appellee agreed to convey to appellant a certain lot on Fifteenth street, in block 1, in Gilbert & Pitts' addition to the city of Moline, with a frontage of twenty-six feet on said Fifteenth street, which said lot is accurately described by metes and bounds in said bill; that said lot was to be conveyed to appellant in exchange for a certain lot or parcel of real estate owned by appellant, which is referred to in the written memorandum as being located at 2313 Fifth avenue, subject to a mortgage of $3000 and all taxes due for the year 1911 and the sum of $25,000, which said sum was to be paid in ten years and be secured by a trust deed on the premises owned by appellee on Fifteenth street. The bill further alleges that the agreement between the parties was that appellee was to accept a conveyance of the lot of ground referred to in the writing as 2313 Fifth avenue, which said property is located in the city of Moline, Rock Island county, Illinois, and the same is accurately described by metes and bounds in the bill. The bill charges there was a well understood agreement between the parties as to said exchange of properties, and that there was no mistake or uncertainty in the contract between the parties as to the premises concerning which the contract was made.

It is further alleged in the bill that after the parties had come to a full and complete agreement, T. E. Lundell, the agent of appellee, attempted to reduce said agreement to writing, and in doing so by mistake failed to fully describe the premises intended to be conveyed, and that the parties to said agreement, under the mistaken impression that said writing contained a sufficient legal description of the premises involved, duly executed the same. The bill further alleges that appellant afterwards executed a deed conveying, by proper description, the premises owned by him and which by the true intent and meaning of said agreement were by him to be conveyed to appellee, and also executed a trust deed on the premises to be by appellee conveyed to appellant, securing the $25,000, which was evidenced by appellant's notes, together with interest coupons, one of which was payable every six months, and made a tender of said documents to appellee and demanded that she execute to him a good and sufficient deed conveying to him the premises located on Fifteenth street according to the true intent and meaning of said agreement, and that appellee wholly refused to accept said deeds and notes and likewise refused to execute a deed to appellant. The prayer of the bill is that said writing be by the decree of court reformed by inserting therein a full and accurate description of the two parcels of real estate referred to, in accordance with the mutual understanding and agreement of the parties, and that specific performance of said agreement, after the same has been so reformed, be decreed to appellant. Appellee filed a demurrer to the bill, which was sustained by the court below, and appellant having elected to stand by his bill, a decree dismissing the same for want of equity was entered against him, to reverse which this appeal has been prosecuted.

The sole question presented is whether the bill presents a case authorizing the equitable relief sought. The jurisdiction of courts of equity to correct mistakes in written

contracts is too well established to require discussion. Most of the cases which present difficulty. in the exercise of this jurisdiction relate to contracts which by the Statute of Frauds and Perjuries are required to be evidenced by writing. Errors in contracts of this character which arise either from mistake, surprise or fraud, the correction of which requires a resort to parol evidence, range themselves into two general classes: those in which the writing includes subject matter or provisions in excess of or beyond the intention of the parties, and contracts in which certain portions of the subject matter or some of the terms are omitted from the writing. (Pomeroy's Eq.—2d ed.—sec. 285.) There is substantial unanimity in the cases that courts of equity have the power to reform contracts of the first class,—that is, to strike out of the written instrument all subject matter not embraced within the actual agreement of the parties. In so doing the court is merely enforcing the written agreement as to certain matters within the intention of the parties and refusing to carry it out in respect to those matters which have gotten into the agreement by mistake, surprise or fraud. When it becomes necessary, however, to import into the writing the description of some property or some clause or limitation of which the writing itself gives no hint, some courts have refused to carry the doctrine of reformation to that extent, and the reason assigned for this conclusion is, that to bring into the contract, by parol evidence, new subjects or new provisions would be, in effect, to make a new contract between the parties. (Pomeroy's Eq. *supra*.) But in this State the doctrine of reformation has never been limited to cases in which something had been inserted in the writing beyond the intention of the parties, but, when a proper case has been presented and clearly proven, relief has been granted where it was clearly shown that some of the terms or provisions of the agreement or some part of the subject matter had been omitted through accident, fraud or mistake.

In the early case of *Hunter* v. *Bilyeu,* 30 Ill. 228, the court was called upon to reform a written agreement in relation to the sale of real estate by so amending the description of the subject matter as to include within it certain parcels or tracts of land which it was alleged had been omitted by the mutual mistake of the parties. In the opinion of the court by Mr. Justice Breese, the authorities bearing upon the subject, both English and American, were reviewed at length. It was there said, in answer to the contention that the contract was within the Statute of Frauds, that that statute had no application to such cases. The court, on page 248, summarizes the authorities and makes a concrete application of the rule to the facts before the court in the following language: "Here the bill is filed to reform this contract by inserting in it several tracts of land alleged to have been omitted from it by mistake, and parol evidence is relied on for such purpose, and when reformed, then the prayer is to decree a specific performance of the contract. This proof makes the contract different from what its words import, and adds to it and varies it very materially. It, in fact, makes a new and different contract; yet if the mistake is clearly established, which should give way? That rigid rule of the common law, or that power residing in a court of equity to correct mistakes? The strongest and most convincing evidence will be required before the common law rule is postponed and the power of the court exercised." It is true that in that case the relief prayed for was denied, but only because the proof failed to come up to the required degree of certainty. The doctrine of that case has been steadily adhered to by this court. (*Kelly* v. *Trumble,* 74 Ill. 428; *Schwass* v. *Hershey,* 125 id. 653; *Dinwiddie* v. *Self,* 145 id. 291; *Koch* v. *Streuter,* 218 id. 546.) These authorities also warrant a court of equity, in a proper case, to decree the reformation of a written contract and then decree that the same be specifically enforced as reformed.

The bill, on its face, states a case which entitles the appellant to the relief sought, from which it necessarily follows that the court erred in sustaining the demurrer thereto and in dismissing the bill.

The decree of the circuit court of Rock Island county is reversed and the cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*