**STATE SAVINGS & LOAN ASSN v ENGLE et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1372.   Decided Jan 23, 1936

Legler & Murray, Dayton, for plaintiffs.
Munger & Kennedy, Dayton, for defendents.

## OPINION

By BARNES, PJ.

Here is an illustration of where the change or elimination of a few words produces a very substantial difference in the rights of the parties.

The warranty· deed from Mrs. Sweeney to defendant, Theobald, as originally prepared provided in the warranty clause that the conveyance was made subject to a mortgage to the State Savings and Loan Association of $5800 which grantee assumed and agreed to pay.

Under established authority the words "assumed and agreed to pay" constituted, to the extent of $5800, consideration for the conveyance and thereafter was the primary obligation of the grantee, Theobald.

On the other hand, if the deed of conveyance had followed the language of the contract that the same was subject to a first mortgage of $5800, it still would have remained a primary obligation of Mrs. Sweeney and not an obligation of Theobald at all except as it affected the real estate that he was acquiring. Under such a situation, by authority of the case of *Joyce v Dauntuz, 55 Oh St, 538,* Theobald might pay off the encumbrance and thereafter be entitled to subrogation to all rights of the mortgagee.

By agreement of counsel, the cause was submitted in this court on the transcript of the evidence, including exhibits, presented to the court below. Very able and comprehensive briefs have been furnished by counsel representing the respective parties.

We also have advantage of the written opinion of the trial court. Considering the entire record, we arrive at the same conclusion as did the trial court. In so determining, we have given careful consideration and thought to the argument of counsel for Mrs. Engle et al.

The principle of law is well stated that when the deed in question was executed, all prior agreements whether oral or written are merged in the latter instrument and any variance or inconsistencies therein must yield to the language of the last document. However, this principle does not prevent reformation for mistake of fact. Unless so recognized. there never could· be reformation.

The law is well recognized that courts of equity will allow reformation for any substantial mistake of fact when established by clear and convincing evidence.

Stewart v Gordon, 60 Oh St, 170.
Frate v Rimenik, 115 Oh St, 11, 17.

Attention is called to the fact that Mrs. Sweeney presents no evidence · of mistake of facts so far as she is concerned. The observation is correct and ordinarily this would be a fatal omission. However. in the instant case, it appears that the negotiation for trade and exchange, including written contract between the parties, was handled by Al F. Johnson, Inc:, Realtors. · We will also indulge the presumption that the distinction between an "assumption" and a "subject to" as each would relate to a mortgage encumbrance on real estate conveyed is technical and not ordinarily understood by the lay mind. The evidence is conclusive that Mrs. Sweeney had nothing to do with the language of the warranty deed in question.

In addition to the language of the written contract of sale, the actual method of handling has great probative force in determining the right of reformation.

The contract for trade and exchange was executed between the parties on February 8 and the deeds were not exchanged until February 21st.

The defendant, Theobald, immediately following the signing of the contract for trade on February 8, made his application for loan in order to carry out his part of the trade and exchange agreement. This clearly shows that he was not intending to assume the mortgage indebtedness already against the premises. It was not until this arrangement was completed that deeds were exchanged. $5800 of the amount borrowed from the State Savings and Loan Association went directly to the extinguishment of the Sweeney mortgage. It developed that it was not sufficient to pay it in full and Mrs. Sweeney paid the balance.

The claim is made that Mr. Theobald read the deed before accepting it and therefore had knowledge and would be bound by its contents. Theobald does admit, in his evidence, that he read the deed, but it also appears that he did not know its legal import. While it is true that ignorance of the law does not excuse, yet ignorance of legal import may be considered by a chancellor in determining the issuable questions for reformation.

For instance, where a party seeking reformation admits that he had read the document in question wherein was contained in clear and understandable terms the part sought to be reformed, the court would demand a very clear and satisfactory explanation as to why the document was accepted, where the party complaining not only knew the language used but its import. Applying the principle in the instant case, the technical language at once presents the clear and satisfactory reason for such action.

The claim of laches is presented as a reason why reformation should not be granted. We are unable to see that the principle has any application.

In order for the judgment creditors to raise the question, it must be shown that they have been injured by the delay. No such injury or damage is suggested.

A further claim is made by counsel for the judgment creditors that any demand for reformation on the ground of mutual mistake can not operate to the prejudice of judgment creditors. The cases cited in support are not in point.

Intervening creditors, as the term implies, refers to those who in good faith and with the knowledge, extend credit or acquire liens on the faith of the existing record.

In the instant case, the judgment creditors can not bring themselves within this principle.

Prior to the payment and cancellation of the Sweeney mortgage their lien was secondary thereto. By reason of the subrogation the priorities remain the same. But for the subrogation their liens would become prior by operation of law.

As heretofore indicated, it is our conclusion that the defendant and cross petitioner, Theobald, is entitled to reformation and thereafter distribution of the fund prior to the judgment creditors.

Entry may be drawn accordingly. Costs will be taxed against the plaintiff.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.