STACK *v.* COMMERCIAL TOWEL & UNIFORM SERVICE, INC.

[No. 17,951. Filed April 21, 1950. Rehearing denied June 28, 1950.]

484

486

*Gilbert W. Butler* and *Maurice C. Fulford,* both of Martinsville; *Barney H. Fears,* of Indianapolis, for appellant.

*Joseph & Dann,* of Indianapolis, and *Homer Elliott,* of Martinsville, for appellee.

MARTIN, P. J.—This action was instituted by appellee for reformation of deed to include an easement, and correct description, to enjoin appellant from entering upon said easement, and for damages. The trial resulted in a decision that appellee had an easement as described in the complaint 12' in width along the West side of the improvement from Udell Street North 208' to continue so long as appellant shall continue to own the property on which said easement is located and situate, that appellant be enjoined from any use of the same, that a commissioner be appointed to execute and deliver to appellee a reformed deed, and that appellee recover damages in the sum of $6,351.00.

The only errors assigned and not expressly waived are those specifications of the appellant's motion for a new trial which assert that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and that the damages assessed by the court are excessive.

Counsel for the appellant contends there is a total absence of proof upon the alleged mistake in the deed and that it was not shown by the evidence that the mistake was a mutual mistake. Clauses No. 7, 8, and 9 of appellee's complaint read as follows:

### "CLAUSE 7.

"That relying upon the survey of the said A. F. Haufler the defendant, in consummation of said agreement for the purchase and sale of the real estate described in said Exhibit A, executed and delivered to the plaintiff his warranty deed in which the real estate conveyed was described as follows:

"Lots 19, 20, 21 and 22 and 10 feet by parallel lines off of the entire West side of Lots 18 and 23, all in Block 14, in William Braden's et al. North Indianapolis Addition to the City of Indianapolis, as per plat thereof recorded in Plat Book 5, page

23, in the office of the Recorder of Marion County, Indiana; also all portions of vacated alleys adjacent to or adjoining any of said lots or portions thereof, and ten (10) feet by parallel lines off of the East side of vacated Elmira Street adjacent to or adjoining said Lots 20 and 21 above described.

## "CLAUSE 8.

"That it was the intent and purpose of the parties to said agreement of purchase and sale to convey and warrant to the plaintiff all of the real estate upon which the buildings and improvements described in said agreement of purchase and sale were in fact located and situate, and convey to plaintiff an easement as in said agreement made and provided for.

## "CLAUSE 9.

"That the west line of the building so purchased as aforesaid is in truth and in fact located on a line in vacated Elmira Street which is 10 feet and 8 inches west of the west line of Lots 20 and 21 hereinabove described; that it was the intent and purpose of the defendant to convey to plaintiff by the deed aforesaid all of the real estate upon which said building was located; that by reason of said mutual mistake the defendant delivered said deed and plaintiff received and accepted the same then believing and supposing that said deed correctly described all of the real estate upon which said buildings and improvements were in fact located and as was intended by said parties; plaintiff further avers that on or about the 4th or 5th day of September, 1946 it discovered said mistake and that it thereupon on said day and before the beginning of this action demanded of defendant that he correct said mistake."

Clause 3 of appellant's answer reads as follows:

"That defendant admits that part of Clause 3 in which plaintiff alleges that on the 20th day of February 1946, there existed a certain partnership consisting of Manuel I. Leve and Diana B. Leve

doing business under the name and style of Commercial Towel & Uniform Service and that said contract was entered into as alleged under the terms of plaintiff's 'Exhibit A.'"

Exhibit A reads in part as follows:

"I hereby agree to purchase from the owner through you as his broker the property known as 1275 W. 29th Street, being a tract of ground 80′ wide x approx. 260′ deep, together with buildings thereon, the buildings being as follows: A showroom space approx. 80 x 75 at 1275 W. 29th St. and rear new building approx. 60 x 187′ running through to Udell St., plus an easement of 12′ along the west side of this tract, located in the City of Indianapolis, Marion County, Indiana . . ."

Counter proposal in part reads as follows of Exhibit A:

"2. I will install concrete floor after buyer has laid pipe needed in his business (b) no toilet to be put in rear-sewers now in to property line, one toilet now in front building. (c) install 12 x 12 overhead door and 5 other doors in new building. (d) upstairs office to be closed in 8 steel sash— buyer to put in his own upstairs, office not to be finished. (e) will grant 12′ easement from Udell Street to side double door as long as I own property price to be $48,000.00 net, buyer to pay real estate Commission. This counter offer to be accepted by 5 P. M. February 20, 1946.

"(Signed) John E. Stack.
"February 20, 1946
"1:30 P. M.

"I hereby accept proposition No. 2 above at a price of $48,000.00 net.

"(Signed) Commercial Towel &
Uniform Service

"By: Manuel I. Leve."

To Clauses 7 and 8 appellant filed answers admitting the allegations alleged. Clause 9 of appellee's complaint sets out the correct description of the West line of the real estate upon which the buildings and improvements described in the agreement (Exhibit "A" to complaint) —were in truth and in fact located.

The pleadings thus disclosed a situation where equity has always granted the type of relief ordered and decreed by the judgment appealed from. Equity will always reform a written instrument which admittedly does not express the confessed intentions and purposes of the parties.

No proof by way of testimony was needed in support of the allegations of Clause 7 and 8 of appellee's complaint since appellant admitted these allegations by his answer. Appellant has thus admitted, that it was the intent and purpose of the parties to convey and warrant to appellee all the real estate upon which the buildings and improvements described in Exhibit A which was made a part of the complaint were in fact located and situate, and conveyed to appellee an easement as in said agreement made and provided for.

Admissions made in a pleading are denominated solemn admissions, or admissions *in judicio,* and are not required to be supported by evidence. Such admissions are taken as true against the party making them without further controversy.

In fact, admissions in the pleadings cannot be either proved or disproved on the trial, but must be accepted for whatever they amount to in legal effect, without reference to any other evidence that may be adduced. *New Albany & Vincennes Plank Road Co.* v. *Stallcup* (1878), 62 Ind. 345; *Bearcreek Tp. of Jay County* v. *DeHoff* (1943), 113 Ind.

App. 530, 49 N. E. 2d 391, 394; *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. 2d 708, 710, 14 N. E. 2d 537; *Continental Optical Co.* v. *Reed* (1949), 119 Ind. App. 643, 86 N. E. 2d 306, 88 N. E. 2d 55.

The evidence shows that after Exhibit A was entered into it was understood between the parties that a survey was to be made of the property in question before the deed would be written and that the contract of purchase, Exhibit A, was assigned to appellee May 2, 1946.

The evidence further shows that the first survey was made in March, 1946 which was inaccurate as to absolute correctness of West line with reference to buildings and that the easement was also omitted from the deed which was executed on May 10, 1946.

The evidence further shows that there was a further survey made about September, 1946 when it was discovered that the first survey was inaccurate.

The evidence further shows that there was a stipulation by the parties to the effect that the appellant owned the property upon which the easement is located and situate.

The admissions in the pleadings, together with other evidence clearly show that there was a mutual mistake of fact, that it was the intent and purpose of the parties to said agreement of purchase and sale to convey and warrant to the plaintiff all the real estate upon which the buildings and improvements described in said agreement of purchase and sale were in fact located and situate, and to convey to plaintiff an easement as in said agreement made and provided for, referring to Exhibit "A" in Clause 7.

Equity will grant relief by way of reformation where a deed fails to carry out the admitted and manifest

intent and purpose of all the parties to the contract, pursuant to which such deed was executed and delivered, so that if the terms of a deed executed by them for the purpose of embodying the proposed contract vary materially from that intention, either party is entitled to reformation so as to make the deed express the intention of the parties.

It is settled law that when it appears that by the mutual mistake of all the parties to an instrument, as to a matter of fact, the instrument does not express their agreement, a court of equity will reform the instrument by correcting such mistake. *The Citizens' National Bank of Attica* v. *Judy et al.* (1896), 146 Ind. 322, 329, 339-346, 43 N. E. 259; *Parish* v. *Camplin* (1894), 139 Ind. 1, 37 N. E. 607; *Allen* v. *Bollenbacher* (1911), 49 Ind. App. 589, 97 N. E. 817; *Hammond Hotel & Improvement Co.* v. *Perrin* (1933), 96 Ind. App. 311, 184 N. E. 906.

It is asserted by counsel for the appellant that the doctrine of merger is applicable and that therefore the decision of the court is contrary to law.

The principle of law is well stated that when the deed in question was executed, all prior agreements whether oral or written, are merged in the latter instrument and any variance or inconsistencies therein must yield to the language of the last document, however this principle does not prevent reformation for mistake of fact. Unless so recognized, there never could be a reformation.

The law is well recognized that courts of equity will allow reformation for any substantial mistake of fact when established by clear and convincing evidence.

In the absence of fraud or mistake, all prior or contemporaneous negotiations or executory agreements,

written or oral, leading up to the execution of a deed are merged therein by the grantee's acceptance of the conveyance in performance thereof. *Thompson* v. *Reising* (1943), 114 Ind. App. 456, 51 N. E. 2d 488 and authorities there cited.

In *Thompson* v. *Reising, supra,* the court said:

"The above decisions for the most part are concerned with reservations or stipulations in a contract for a deed dealing with things or rights that would legally pass to the grantee by deed in the absence of such reservations or stipulations, and hold, in line with the weight of authority elsewhere, that such rights, if not carried forward into the deed, are extinguished thereby, and no action lies on the contract. As examples thereof, we mention reservations of growing crops, of easements over the land conveyed, of possession by the grantor for a limited period after title passes, and stipulations that the grantee shall assume and agree to pay a mortgage or current taxes. To none of these things would the grantor retain any rights unless so expressed by the terms of the deed even though it was so stipulated in a previous executory contract between the parties. The same principle applies in the case of inconsistent reservations, for example, if the preliminary contract reserves a fifty foot easement over the land to be conveyed and the deed provides for only twenty-five feet for such purpose, the deed controls.

"If, however, the contract for the sale of land creates rights collateral to and independent of the conveyance, the contract to that extent survives a deed that is silent in respect thereto."

This is on the theory that the conveyance is not necessarily a performance of such collateral and independent agreement to grant an easement. The point is made in many decisions on the subject that collateral undertakings, not a part of the main purpose of the transaction—the conveyance of the real estate—are not merged in the deed.

That the portion of the decision and judgment of the trial court granting the easement provided for in the agreement of the parties dealt with a right which was collateral to and independent of the conveyance of the fee simple title and the contract in respect to such easement survived the deed though the deed sought to be reformed was silent in respect thereto.

The doctrine of merger does not apply and cannot be asserted in an action like the case at bar brought to reform a deed because of the mistake in preparing the deed to carry out the confessed and admitted intentions of the parties to the agreement which preceded the deed and pursuant to which the deed was executed by the grantor. *Thompson* v. *Reising, supra* and authorities there cited; *Horner* v. *Lowe* (1902), 159 Ind. 406, 64 N. E. 218; *Burk* v. *Brown* (1915), 58 Ind. App. 410, 418, 108 N. E. 252; *State Sav. & L. Assoc.* v. *Engle* (1936), 4 Ohio O. 539, 72 N. E. 2d 779.

The agreement of the parties, Exhibit A, pursuant to which the deed in question was executed by appellant provided, among several things, for the conveyance of a fee simple title by a general warranty deed, the installation of a concrete floor, the installation of 12 x 12 overhead door and 5 other doors in the new building, the enclosing of an upstairs office and the granting of the easement in question. The deed, the execution of which is asserted on the basis for the application of the doctrine of merger, conveyed only the fee simple title to what was supposed to be the ground upon which was located the buildings and improvements described in the agreement, did not constitute a merger of independent and collateral covenants contained in that agreement. Appellant's agreement to grant an easement over an adjoining parcel of real estate so long as appellant owned the property was

independent of and collateral to appellant's covenant to convey the land by a general warranty deed and was not merged by the execution of the deed. *Thompson* v. *Reising, supra; Carey* v. *Walker* (1915), 172 Iowa 236, 154 N. W. 425; *Selden* v. *Williams* (1839), 9 Watts (Penn.) 9; *Trapp* v. *Gordon* (1937), 366 Ill. 102, 7 N. E. 2d 869; 26 C. J. S., Merger of Previous Agreement, § 91, Subsection "C."

Counsel for the appellant contends that the agreement between the parties did not describe the land which is the subject of the alleged easement.

There was much testimony by both sides concerning the number of double doors in the West wall of the building, appellant contending there were at least three, and appellee contending that there was only one and that it was 208′ North of Udell Street. Since there was conflicting testimony on this question, and since the trial court found generally for appellee, it is submitted that this presents a question of fact which will not be disturbed on appeal if there is any evidence to support such finding and decision of the trial court.

Appellee's original offer to purchase on certain conditions, accepted by appellant subject to new conditions, which was in turn accepted by appellee, produced a contract, the terms of which consist of the original offer as amended or changed by the conditional acceptance and appellee's acceptance of appellant's conditional acceptance. Appellant's conditional acceptance of appellee's initial offer included all of the terms and conditions of appellee's initial offer not inconsistent with those of appellant's conditional acceptance insofar as the terms and conditions of the agreement itself are concerned.

Therefore the provisions of appellee's initial proposition that included an easement of 12′ along the

West side of the tract described in Exhibit A was modified and cut down by appellant's conditional acceptance to a 12′ easement from Udell Street to side double door as long as appellant owned the property upon which the easement was located.

Appellant's conditional acceptance is inconsistent only as to the length of the easement from Udell Street North and as to its duration. There is nothing in the agreement contrary to appellee's original proposition that whatever its length or duration, there was to be an easement and that its location was along the West side of the tract described in Exhibit A. *Foltz* v. *Evans* (1943), 113 Ind. App. 596, 49 N. E. 2d 358; *Warner* v. *Marshall* (1906), 166 Ind. 88, 75 N. E. 582. . There was ample testimony in support of the trial court's general finding and the judgment based thereon that there was only one double door in the West wall of the building and that this door was located 208′ North of Udell Street. Parol and extraneous evidence was properly admitted to apply the terms of the contract to the subject matter. It is not the office of a description to identify the land, but to furnish the means of identification. *Warner* v. *Marshall, supra; Rucker* v. *Steelman* (1881), 73 Ind. 396; *Boyd* v. *Miller* (1917), 68 Ind. App. 454, 117 N. E. 559.

The third ground asserted in appellant's motion for a new trial is "that the damages assessed by the court are excessive."

The action in the case at bar was to reform a deed agreeable to a written contract pursuant to which such deed was executed, to enjoin appellant from continuing in the obstruction of an easement and for damages resulting from such obstruction and for actual physical injury to appellee's building. The amount of damages in such an action cannot be questioned by an assignment in the motion for a new

trial, "that the damages assessed by the trial court are excessive." Burns' 1946 Replacement, § 2-2401, Clause 5; *Camblin* v. *Metzger* (1932), 94 Ind. App. 273, 180 N. E. 679; *Chicago & E. R. Co.* v. *Barger* (1924), 82 Ind. App. 266, 144 N. E. 646; *Mackey* v. *State* (1942), 220 Ind. 607, 45 N. E. 2d 205.

There was sufficient evidence to sustain the decision of the trial court, and it was not contrary to law.

Judgment affirmed.

NOTE.—Reported in 91 N. E. 2d 790.