CRIPE ET UX *v*. COATES ET UX

[No. 18,418.   Filed January 14, 1954.]

*Harry Vernon* and *Vernon & Barker,* of Goshen, for appellant.

*Mehl & Mehl,* of Goshen, for appellee.

ACHOR, J.—This is an action brought by appellant for the purpose of having a contract for the exchange of real estate reformed to express the alleged agreement of the parties and for specific performance. The court sustained appellees' demurrer thereto. Appellants refused to plead further and judgment was accordingly entered for appellees. The error assigned is the sustaining of said demurrer. The memorandum to the demurrer contained the following ground:

"No. 1. That the agreement relied upon in plaintiff's third amended complaint, and upon which this action is based is . . . not enforcible because of the Statute of Frauds.

"The amended complaint shows specifically that the following necessary parts of the transaction were left to oral agreements.

"A. Description of real estate and final dimensions."

The first objection is based upon the Statute of Frauds, with particular reference to the fourth subdivision of §33-101, Burns' 1949 Replacement, which provides that no action shall be filed "Upon any contract for the sale of lands. . . . Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, . . ."

The real estate in controversy is described in the contract executed at Goshen, Indiana, as follows: ". . . property located on the Bashor Chapel Road of Roy Coates which is now under construction to consist of 6 rooms and bath with attached garage when complete . . . The measurements of lot on Bashor Chapel Road is approximately 70 x 200 more or less. . . ." The complaint affirmatively discloses that the "lot" owned by appellee and intended to be conveyed to appellant, was a part of a larger, unplatted tract (125' x 695'), containing "two acres, more or less."

Appellant's complaint also contains the following allegations with respect to the description of the property:

"It was further agreed that said dimensions of said tract to be exchanged and conveyed to the plaintiffs were approximate but that plaintiffs' north line should be a slight rise of land about two hundred feet back and plaintiffs' west line should extend one foot west of the driveway to

lead from the garage of said property under construction to the road or highway running east and west past said tract.

* * *

"That the defendants also agreed to erect a garage in connection with said house with concrete drive to the corner thereof . . .

* * *

"That on the day after the parties hereto completed their agreement as hereinbefore set forth, the plaintiffs and defendants employed one C. K. Cook, a Realtor of the city of Goshen to reduce said contract to writing but that by the mutual mistake of both plaintiffs and defendants, the said C. K. Cook omitted therefrom the stipulations, legal descriptions and agreements herein set forth.

"That thereafter the contract as prepared by said C. K. Cook, was duly signed and executed by the parties thereto without any knowledge on the part of the plaintiffs and defendants that said contract did not contain in writing the full and complete agreement of the parties."

The prayer of the complaint is that the written contract be corrected and reformed to express the agreement of the parties, and that specific performance of said agreement, reformed, be decreed to appellants. It is the general rule that, where there has been an agreement actually entered into which the parties have attempted to put in writing but have failed to do so because of a mistake either of themselves or of the scrivener, courts having jurisdiction in matters of equitable cognizance have power to reform the instrument in such manner as to make it express the true agreement. 76 C. J. S., §74 b, p. 439; *Geoghegan* v. *Dever, et ux.* (1948), 30 Wash. 2d 877, 194 Pac. 2d 397; *Naramore, et al.* v. *Mask, et al.* (1948), 52 N. M. 336, 197 Pac. 2d 905; *Hippodrome Garage Corporation* v. *Sixth Avenue & 44th Street Corporation*

250

(1948), —— Supreme Court, Special Term, New York County, Part III, —— 84 N. Y. S. 2d 123.

In this state it is settled that a written contract may be reformed upon parol evidence, and then specifically enforced as reformed. Section 2-302, Burns' 1946 Replacement, *Gigos, et al.* v. *Cochran, et al.* (1876), 54 Ind. 593, 598; *Palmer Steel & Iron Co.* v. *Heat, Light, and Power Co.* (1903), 160 Ind. 232, 66 N. E. 690; *Froyd* v. *Schultz* (1913), 260 Ill. 268, 103 N. E. 220.

Therefore, the question for this court to determine is this: If the written agreement be reformed by the court by inserting therein a description of the real estate as given by appellants in their complaint, as being the real estate agreed to be exchanged by appellees, would the description be sufficiently definite to meet the requirements of the Statute of Frauds and enable the court to decree specific performance thereof? In other words, would the description then be sufficient to furnish the means of identification?

The general rule regarding the degree of certainty required in describing the real estate sold in a contract for sale of land has been stated as follows:

". . . the cases are substantially in agreement on the general proposition that it is not essential that the description have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject matter. The terms may be abstract and of a general nature, if with the assistance of external evidence the description, without being contradicted or added to, can be connected with and applied to the very property intended, *to the exclusion of all other property.* Descriptions omitting town, county, or state where the property is situated have frequently been held

sufficient, where the writing provides other means of identification; . . ." (Our italics.) 49 Am. Jur., §348, Statute of Frauds, pp. 656, 657.

Consistent with this statement of the law, our courts have held that ". . . It is not the office of a description to identify the land, but to furnish the means of identification." (Cases cited.) " '. . . The intent of the parties, if it can by any possibility be gathered from the language employed, will be effectuated.' " (Cases cited.) *Warner* v. *Marshall* (1905), 166 Ind. 88, 107, 75 N. E. 582; See also, *Ames* v. *Ames* (1910), 46 Ind. App. 597, 601, 91 N. E. 509; *Dowd* v. *Andrews* (1922), 77 Ind. App. 627, 632, 134 N. E. 294; *Stack* v. *Commercial Towel, etc., Service* (1950), 120 Ind. App. 483, 496, 91 N. E. 2d 790.

However, in applying the above statements of the law to the facts before us, where the tract conveyed is only a part of a larger tract owned by the vendor, the following rule has been enunciated:

". . . If the premises bargained for are a part of a larger tract owned by the vendor the question whether or not the writing satisfies the statute as to description will depend upon *whether within itself or by references made* it does or it does not in practical effect describe or designate the part covered by the contract." (Our italics.) 23 A. L. R. 2d, §13, pp. 31, 32.

We find no cases in this state directly in point. However, there are numerous cases from other states which are highly persuasive as to the effect of the application of the general rule above set forth to the facts before us. Within the terms of this rule various courts have held that where the memorandum of agreement merely describes the area or dimensions of the land sold, but not fixing the boundary

between the land sold and the seller's remaining lands, it is insufficient to meet the requirements of the Statute of Frauds. *Michelson* v. *Sherman* (1941), 310 Mass. 774, 777, 778, 39 N. E. 2d 633, 139 A. L. R. 960; *Dorsey* v. *Wayman* (1847), (Md.), 6 Gill's 59; *McMahon* v. *Plumb* (1914), 88 Conn. 547, 92 A. 113. In the case of *Michelson* v. *Sherman, supra,* the court stated:

"The location of the boundary line between the land sold and the land kept by the defendants was an essential element of the oral contract. But no reference whatever to the location of the boundary line appears in the memorandum, and the only description therein of the quantity of land sold was that it consisted of '11000 or more square feet.' Interpreting the scanty language of the memorandum in the light of the physical features of the land and the facts surrounding the parties at the time the memorandum was signed, we are of the opinion that the boundaries of the land sold cannot be identified with sufficient accuracy. In order to satisfy the requirements of the statute the memorandum must contain a description of the land sold that applies to one parcel of land only." (Cases cited.) "The memorandum signed by the defendants' agent was not such a memorandum. Its language would fit other parcels of land than the one for which the plaintiff contends. Although the judge, after taking a view, found that the boundary line agreed to by the parties in their oral contract was 'the natural and obvious division of the land,' the memorandum did not meet the requirements of the statute of frauds. . . ."

Also, in the following cases, the descriptions contained in the memorandums were held insufficient: "Parts of lots 1 and 2 in square south of square 1036. . . ." *Repetti* v. *Maisak* (1888), (D. C.) 6 Mackey 366, 368; ". . . 'A tract of land to be defined,' . . . 'According to lines and corners previously agreed upon,' . . ." *Hyde* v. *Cooper* (1867), 34 S. C. Eq. (13 Richardson) 250, 257; ". . . thirty acres of land, . . ."

where the vendor had a tract from which the same were to be measured off. *Humbert* v. *Brisbane* (1886), 25 S. C. 506, 507; "'. . . four (4) acres out of the East end . . .'" of a certain larger tract which was adequately described, the court noting that the description was "out of" and not "off of." *Matney* v. *Odom* (1948), 147 Tex. 26, 28, 210 S. W. 2d 980; 23 A. L. R. 2d, §13, p. 31, *supra.* Also, see *Falls of Neuse Mfg. Co.* v. *Hendricks* (1890), 106 N. C. 485, 11 S. E. 568; *Wright* v. *Cobb* (1857), (Tenn. 5 Sneed) 142.

In the case before us, the particular part of the land sought to be conveyed is described merely as having dimensions approximately 70 feet east and west by 200 feet north and south; that the "north line should be a slight rise of land about two hundred feet back and plaintiffs' west line should extend one foot west of the driveway to lead from the garage of said property under construction to the road or highway running east and west past said tract."

Did the foregoing allegations regarding the alleged contract of the parties furnish adequate means of identification? From the foregoing allegations we are told that the property was 70 feet wide and that the west line thereof was to "extend one foot west of the driveway to lead from the garage" which "defendants also agreed to erect . . . in connection with said house." It therefore appears that at the time of the alleged agreement there was no garage or driveway in existence, and that the establishment of the west boundary was subject to future determination. This was not sufficient for, although boundaries may be established with relation to fixed monuments, boundaries, which are related to monuments, to be established are too speculative to furnish adequate

means of identification. See 49 Am. Jur., §§349, 350, pp. 659, 660; *Safe Deposit & T. Co.* v. *Diamond Coal & Coke Co.* (1912), 234 Pa. 100, 83 A. 54. And the contract having been void at the time of its making because of the insufficiency of the description of the real estate intended to be conveyed, is not made valid by the fact that subsequent action by one of the other parties has provided means whereby a description to a certain parcel of land can be determined at the time of trial from the original memorandum.

Furthermore, the complaint alleges that the "north line should be a slight rise of land about two hundred feet back." From this description we cannot say with certainty that the place of beginning was the center of the highway or the north line of the highway, nor can we say that the location of the north line was at the edge of the "slight rise" or at the top of it,—if such facts themselves were determinable. There is nothing within the writing which describes the particular part of the tract intended to be conveyed, neither is there any reference made within the contract to facts outside the contract by which the description of the "lot" could be ascertained to the exclusion of all other property owned by the appellee.

We conclude, therefore, that, under the most liberal construction of the Statute of Frauds, the contract does not meet the requirement of the statute.

Judgment affirmed.

Royse, J., dissents with opinion.

### DISSENTING OPINION

ROYSE, J.—I cannot agree with the majority opinion that if the contract was reformed as sought by the

appellants in their complaint it would not meet the requirements of the statute of frauds. I believe the majority opinion herein is in direct conflict with, and in effect overrules, the case of *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509. The contract in that case was as follows:

"October 11, 1906.

This contract between Lydia Ellen Ames and Charlotte B. Ames.

Lydia Ellen Ames sells to Charlotte B. Ames, all of her interest in the real estate formerly owned by Augustus Ames, deceased, for $3,000."

Speaking through Judge Hadley, this court in that case (pp. 600-601) said:

"It is insisted, under various exceptions, that the contract set out is insufficient to support a decree for specific performance, for the reason that the description of the land sold is too indefinite and uncertain. It is well established that where the description given is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. *Tewksbury* v. *Howard* (1894), 138 Ind. 103; *Maris* v. *Masters* (1903), 31 Ind. App. 235; *Warner* v. *Marshall* (1906), 166 Ind. 88; *Howard* v. *Adkins* (1906), 167 Ind. 184.

"It is also settled that parol evidence is competent to apply the terms of a contract to the subject-matter. *Colerick* v. *Hooper* (1852), 3 Ind. 316, 56 Am. Dec. 505; *Tewksbury* v. *Howard, supra; Warner* v. *Marshall, supra,* and cases cited.

"*It is not the office of a description to identify land, but to furnish the means of identification. Warner v. Marshall, supra,* and cases cited.

"An indefiniteness or ambiguity that may be certain or clear by such explanatory evidence as is admissible under the rules of evidence, is not to be treated as vitiating the instrument. *Warner*

v. *Marshall, supra.* In such case, while the written contract may not be varied or contradicted by parol evidence, such evidence may be admitted to explain its obscure passages; not for the purpose of changing the contract, but of developing the true sense and intention of the parties. *Warner* v. *Marshall, supra.*

"The restrictions of this proposition are illustrated by the following quotation from observations of Mr. Justice Holmes, set out with approval in *Warner* v. *Marshall, supra:* "I do not suppose that you could prove, for purposes of construction as distinguished from avoidance, an oral declaration or even an agreement that words in a dispositive instrument making sense as they stand should have a different meaning from the common one; for instance, that the parties to a contract orally agreed that when they wrote 500 feet it should mean 100 inches, or that Bunker Hill Monument should signify Old South Church." (My emphasis)

On pages 601 and 602 are listed a large number of descriptions contained in written memorandum (many of which are much less definite than would be the contract herein if reformed) which were held sufficient to meet the requirements of the statute.

The rule announced in that case has been followed by both this court and the Supreme Court. *Taylor* v. *Taylor et al.* (1910), 174 Ind. 670, 679, 680, 93 N. E. 9; *Dowd* v. *Andrews et al.* (1922), 77 Ind. App. 627, 632, 134 N. E. 294; *Luther* v. *Bash et al.* (1916), 61 Ind. App. 535, 542, 112 N. E. 110; *Morton* v. *Gaffield* (1912), 51 Ind. App. 28, 32, 33, 98 N. E. 1007.

It is to be kept in mind that this appeal questions the action of the trial court in sustaining a demurrer to appellants' complaint. I am of the opinion the complaint states a cause of action for reformation of the contract of the parties and if, on the trial of the cause, those allegations were proved, then if the appellants

could, by proper explanatory evidence which did not alter or change the written memorandum, identify the land, they would be entitled to a specific performance of the contract. I cannot agree with the majority that it necessarily follows from the allegations of the complaint that "there was no garage or driveway in existence" at the time of the agreement. However, even if this be true, it does not necessarily follow that at the time of the agreement the actual location of the garage and driveway was not determined. Under such circumstances the west boundary might be established by parol or other evidence. In my opinion appellants should have the opportunity to prove their case.

I believe the judgment should be reversed.

NOTE.—Reported in 116 N. E. 2d 642.