WILSON *v.* WILSON ET AL.

[No. 19,514. Filed June 5, 1963.]

*William L. Thompson, James D. Allen* and *Allen & Thompson,* of Salem, for appellant.

*Willis C. Mead, Mead & Mead,* of Salem, *Robert Mellen* and *Mellen & Mellen,* of Bedford, for appellees.

PFAFF, J.—This is an appeal from a decree which granted specific performance of a written contract for

the purchase of certain real estate by appellees, Pleasant Wilson and Elizabeth Wilson from appellee, Joe Wilson, and appellant, Viola Wilson.

The complaint prayed that the sellers, Joe Wilson and Viola Wilson, be required to execute and deliver to Pleasant Wilson and Elizabeth Wilson a warranty deed of conveyance for the real estate described in the complaint, or in the alternative, that a commissioner be appointed to convey the real estate. The appellee, Joe Wilson, appeared in person and did not file an answer to the complaint. The appellant filed her answer in general denial. The case was tried to the court without the intervention of a jury. At the end of the plaintiff-appellees' case, the appellant filed a motion to the effect that the trial Court should enter a finding for her. When this motion was overruled, the appellant-defendant refused to present any evidence, and the trial judge entered judgment for the plaintiff-appellees. The appellant then filed a motion for a new trial, and the overruling of that motion is assigned as error to this Court.

Appellee, Joe Wilson, was the owner of record of the real estate in question. On March 4, 1958, he and his wife, the appellant, entered into a written listing agreement with Thomas Worley, a licensed real estate broker to sell their farm of 137 acres located in Posey Township, Washington County, Indiana, 12 miles from Salem and 5 miles from Fredericksburg. The listing price in this contract was $6,500.00. Joe Wilson signed this contract in Thomas Worley's office, and the appellant signed it in the front living room of the house which is located on the farm in question.

After this contract was signed, Thomas Worley began his efforts to sell the farm. He informed Pleasant Wilson, who was Joe Wilson's brother, that the farm

was for sale. Pleasant Wilson and his wife agreed to purchase the farm for $6,500.00. Thomas Worley drafted the following contract:

### "SALE CONTRACT OF REAL ESTATE

"This contract and agreement entered into this 11 day of March, 1958, by and between Joe Wilson & Wife, *partys* of the first part and Pleas Wilson & Wife, *partys* of the second part

WITNESSETH: that Partys of the first part have this day bargained and sold to partys of the second part the following described real estate:

137 Acres more or less

"This deal depends on closing of title & loan Located in the City of ———— State of Ind County of Washington Township of Posey Partys of the second part agrees to pay therefor the sum of $6500.00 to be paid as follows: $1000.00 Cash of which this contract is a receipt thereof and bal with deed and abstract within 90 days from above date or sooner Upon fullfillment of this contract by parties of the second part, partys of the first part agrees to furnish to partys of the second part a Warranty Deed and Merchantable Abstract of title and to give possession of said real estate on or before 11 day June 1958. Partys of the first agrees to pay taxes due and payable in Spring 1958

Partys of the second part agrees to pay all taxes in Fall 1958 and thereafter

"It is mutually agreed by and between the parties hereto, that the covenants and agreements herein contained, shall extend to and be obligatory upon the heirs, executors, administrators, and assigns of the respective parties; that time is of the essence of this contract; that either party hereto, who shall fail or refuse to comply with the provisions of this contract, on this part to be performed, shall forfeit and pay to the other party

the sum of $1,000 Dollars, which sum is hereby fixed and agreed upon as the liquidated damages.

"IN WITNESS WHEREOF, The parties to these presents have hereunto set their hands and seals to this agreement, in duplicate the day and year first above written.

|  | (Seal) | Joe Wilson |
| WITNESS | (Seal) | Viola Wilson |
| Tom Worley | (Seal) | Pleas Wilson |
|  | (Seal) | Elizabeth Wilson |

'Joes Taxes $192.35' "

In regard to this contract, Thomas Worley testified as follows:

"It was signed—Joe signed it out in road in my car and she signed it in the house, that is Mrs. Wilson signed it in the house."

Joe Wilson and Viola Wilson then furnished an abstract of title. Pleasant Wilson made a down payment and supplied funds to clear the title because Joe Wilson owed some real estate taxes and some gross income tax.

When these arrangements were completed, a deed was prepared. Joe Wilson signed this deed, but his wife refused to sign it.

The appellant's motion for new trial sets out four reasons for which a new trial should be granted. (1) The trial court erred in admitting in evidence the listing contract, the contract of sale, and the deed. (2) The trial court erred in overruling the appellant's motion for a directed finding. (3) The decision of the trial court is not sustained by sufficient evidence. (4) The decision of the trial court is contrary to law.

Even though the motion for new trial contains four separate specifications of error, only one question is

presented: Does a written contract for the sale of real estate meet the requirements of the Statute of Frauds if it describes the land as "137 acres" in a certain township in a particular county in the State of Indiana?

Section 33-101, Burns' 1949 Replacement, is the Indiana Statute of Frauds. It provides in regard to the question before us:

> "No action shall be brought in any of the following cases: .......................
>
> "Fourth. Upon any contract for the sale of lands. ...........................
>
> "Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three (3) years."

In a case, which is analogous to the one before this Court, the Supreme Court of this State affirmed the sustaining of a demurrer to the complaint. They said:

> "But how are the six hundred and forty acres of land in Anderson county, Kansas, to be identified? There is no description of the land, nor is there any mode agreed upon by which the lands intended can be identified and described. It is not described as the land owned in the county named by Baldwin and Payne, nor as such lands as they, or some other person named, might select out of the lands owned by them; but simply six hundred and forty acres, without any description or mode of selection. In *Carpenter* v. *Lockhart*, 1 Ind. 434, the description of the land was very defective, but it was held sufficient, because there was in the instrument a mode agreed upon of selecting the lands intended. To permit parol proof to show what land was intended, or to per-

mit Baldwin and Payne to select any lands they pleased, would be to make a new and different contract for the parties. Suppose that the Kerlins had performed the contract on their part, and had brought an action to compel specific performance on the part of Baldwin and Payne, what land would they have been required to convey, and how could it have been identified and described?" *Baldwin et al.* v. *Kerlin et al.* (1874), 46 Ind. 426.

This Court demonstrated that it still considered this holding to be the law almost fifty years later when Judge Nichols, for the Court, wrote:

"It will readily be seen that there are two lines of cases, the one line containing descriptions that are consistent but incomplete, and that such descriptions may be completed, and the land identified, without introducing a new description; while in the other line of cases the description cannot be completed and the land identified, without making a new description and a new contract for the parties." *Thompson* v. *Griffith* (1922), 79 Ind. App. 60, 133 N. E. 596.

The opinion clearly indicates that a description such as the one in *Baldwin et al.* v. *Kerlin et al., supra,* cannot be completed by parol evidence. See also: *Cripe et ux* v. *Coates et ux* (1954), 124 Ind. App. 246, 116 N. E. 2d 642.

Though the recent trend is for American courts to liberally interpret the Statute of Frauds, we believe that a decision to the contrary would completely abrogate a statute of our legislative branch and vitiate the Statute of Frauds in Indiana. We have no right to ignore completely the statutes of this State, and we have no desire to destroy the framework upon which the Statute of Frauds has been built. Without the Statute of Frauds, many more injustices might be worked upon the citizens of this State.

Judgment reversed.

Mote, C. J., Hunter and Kelley, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 667.