Frank **WENNING**, Appellant–
Petitioner,

v.

Lottie **CALHOUN**, Appellee–
Respondent.

No. 69A05–0401–CV–54.

Court of Appeals of Indiana.

July 19, 2004.

Maggie L. Smith, Sommer Barnard Ackerson, Indianapolis, IN, Attorney for Appellant.

Larry L. Eaton, Versailles, IN, Attorney for Appellee.

## OPINION

KIRSCH, Chief Judge.

Frank Wenning appeals the trial court's judgment ordering specific performance of a land sale contract executed between Wenning and Lottie Calhoun. He raises two issues for review, one of which we find dispositive: whether a trial court may order specific performance of a land contract where the contract does not specifically describe the land that is the subject of the contract.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Wenning owned acreage in Ripley County, Indiana. In 2001, he fell behind on his mortgage payments and needed to raise cash. In December, he entered into an oral agreement to sell three acres to Calhoun, the wife of his nephew, for $9,000.00, which she was to pay the following month from a settlement that she anticipated. Calhoun moved a mobile home onto the property, arranged to have utilities connected, and built a driveway.

The following month, Calhoun learned that she would not be receiving the settlement, so she agreed to get financing for the purchase price from a bank. The parties therefore executed a written agreement (the "Contract") for the sale of the three acres on January 19, 2002. Like the parties' oral agreement, the Contract did not describe the land being conveyed. It stated:

To Whom it May Concern!

I, Frank Wenning, am saleing[sic] 3 acres of 28 acres to Lottie Calhoun with opion[sic] to buy more if desired.

I am saleing[sic] at $3,000 a[sic] acre for a total of $9,000.

She has made a payment of $1,200.00 for Dec. 1, 01 to March 15th 2002 at $350.00 a month until[sic] paid in full or Settlement is received then will pay off in full.

Lottie Calhoun has already had El, water, & phone services ran [sic] to 5910 W. Fairground Rd. Osgood, Ind. 47037

& Lottie & Dewain Calhoun are Living on the 3 acres at this time.

*Appellant's Appendix* at 7.

Calhoun was unable to obtain a loan for the purchase price, but she paid Wenning $500 in February 2002 and continued to make monthly payments of $350.

In October 2002, Wenning filed a complaint asking the trial court to award him immediate possession of the land. Calhoun counterclaimed for specific performance. In December 2002, the trial court conducted a bench trial and thereafter entered its judgment ordering Wenning to specifically perform the Contract. Wenning now appeals.

## DISCUSSION AND DECISION

■ Wenning appeals the trial court's grant of specific performance. Specific performance is an equitable remedy that the trial court may grant in its discretion. *Salin Bank & Trust Co. v. Violet U. Peden Trust*, 715 N.E.2d 1003, 1007 (Ind.Ct.App. 1999), *trans. denied* (2000). The grant of specific performance directs the performance of a contract according to the precise terms agreed upon, or substantially in accordance therewith. *Id.* A trial court's decision to grant specific performance is reviewed for an abuse of discretion and, when conducting such review, we do not reweigh the evidence. *Id.* at 1008.

■ Wenning contends that the description of the land in the Contract is too indefinite to be specifically enforced. Generally, if any essential elements are omitted or left obscure and undefined, so as to leave the intention of the parties uncertain respecting any substantial terms of the contract, the case is not one for specific performance. *Johnson v. Sprague*, 614 N.E.2d 585, 588 (Ind.Ct.App.1993). A contract to convey real estate generally may not be enforced by specific performance unless the evidence is such that the court may determine with reasonable certainty what property the promisor agreed to convey. *Larabee v. Booth*, 463 N.E.2d 487, 491 (Ind.Ct.App.1984). We applied this rule in *Wilson v. Wilson*, 134 Ind.App. 655, 660, 190 N.E.2d 667, 669 (1963), where we held that a written contract for the sale of real estate that described the land at issue as "137 acres" in a certain township in a particular county in Indiana was not specifically enforceable because the description was too indefinite.

By contrast, in *Larabee*, 463 N.E.2d at 491, another litigant argued that the court erred in ordering specific performance of the contract because the property to be conveyed was not described with sufficient certainty. There, the parties stipulated that, before the suit was filed, the grantor commissioned a surveyor to survey the land that she had given to the grantees. We noted that this survey yielded a very precise metes and bounds description of the parcel, on which the trial court was entitled to base its order for specific performance. Therefore, we held that the boundaries of the property conveyed were established with sufficient certainty to justify the court's order of specific performance. *Id.*

Here, the only designation in the Contract of the land at issue is three acres of Wenning's twenty-eight acres, plus the street address of 5910 W. Fairground Rd. There is simply no way for third parties to discern from this description precisely which three acres Wenning intended to convey. Accordingly, the contract is too indefinite to specifically enforce because it is impossible to determine how to enforce it.

■ This conclusion, however, does not end the analysis. Although Calhoun may not be entitled to specific performance, it does not follow that she has no

remedy. Another contract remedy is rescission. Rescission of a contract is the annulling, abrogating, or unmaking of a contract. *Van Bibber Homes Sales v. Marlow,* 778 N.E.2d 852, 857 (Ind.Ct.App. 2002), *trans. denied* (2003). The remedy of contract rescission functions to restore the parties to their precontract position, that is, the status quo. *Id.; A.J.'s Automotive Sales, Inc. v. Freet,* 725 N.E.2d 955, 967–68 (Ind.Ct.App.2000), *trans. denied.* Upon the rescission of a contract, a party must return the property received or the reasonable value thereof if return of the property is impossible. *Hart v. Steel Prods., Inc.,* 666 N.E.2d 1270, 1276 (Ind. Ct.App.1996), *trans. denied* (1997).

Here, rescission of the contract is appropriate. Calhoun is entitled to the return of all of the amounts she expended in reliance on the void Contract. The evidence at trial showed that Calhoun made numerous payments to Wenning and expended sums to have utilities connected and a driveway constructed. We remand to the trial court for a determination and entry of a judgment against Wenning in this amount.

Reversed and remanded with instructions.

NAJAM, J., and RILEY, J., concur.